PINKUM, Respondent, vs. THE CITY OF EAU CLAIRE, Appellant.

*February 2 — February 23, 1892.*

*Easements: Grant upon condition: Who may take advantage of breach: Equity: Joinder of causes of action: Municipal corporations: Steps necessary to make condition in grant effectual: Pleading: Limitation of actions.*

|  |  |
|---|---|
| 81 | 301 |
| d89 | 213 |
| 81 | 301 |
| 109 | 587 |
| 81 | 301 |
| 116 | °174 |
| 60 LRA | 764n |
| 61 LRA | 838n |
| 61 LRA | 927 |

1. The owners of land adjacent to a river granted to a city, its successors and assigns, the right to enter thereon and construct, maintain, and operate a canal and a highway along the shore of said river, and to cut timber and quarry stone thereon for that purpose, upon the express condition that, before the water should be let into said canal for the purpose of operating it, the said highway should be constructed and finished, and that both the canal and highway should be completed within five years. *Held*, that the grant was of an easement in gross and in perpetuity, the fee of the land remaining in the grantors. · [Whether the condition was precedent or subsequent, not determined.]

2. The grantee of land may maintain an action to take advantage of a breach, or to enforce the performance, of a condition upon which his grantor had conveyed to a third person an easement in said land.

3. To an action in equity for that purpose (i. e., to have the deed grant-ing the easement declared void, or to enforce performance of the condition) it cannot be objected that there is an adequate remedy at law by an action of ejectment. Ejectment will not lie to recover a mere easement.

4. The joinder in such case of a cause of action for damages on account of the breach of the condition is not improper, since equity, taking cognizance of the action for one purpose, will retain it to determine the whole controversy.

5. Where the easement was granted to a city, which failed to perform the conditions of the grant, an allegation that the city made and entered into the agreement, and purchased and received the deed of the property, upon the terms, conditions, and reservations ex-pressed in the deed, must be construed on demurrer to mean that such steps were taken, as were legally necessary to make the con-ditions of the deed effectual.

6. Where the grantee of the easement maintained only such possession as was necessary to the enjoyment of the easement, his possession was not adverse to the owner of the land.

7. An easement having been granted upon a condition to be performed by the grantee within five years, the cause of action to have the deed declared void for failure to perform, or to enforce perform-ance, did not accrue until the expiration of said five years.

8. A city charter cannot absolutely cut off a right of action against the city, by limiting the prosecution thereof to a time already expired when the charter is enacted.

9. A demurrer to the entire complaint is properly overruled where it is not good as to one of the causes of action stated.

APPEAL from the Circuit Court for *Eau Claire* County. Appeal from an order overruling a demurrer to the com-plaint. The complaint states that on the 16th day of Jan-uary, 1877, Ira Mead and Charles Bolles owned in fee lot 2, in section 18, township 27, range 9 west, and on that day made and delivered to the defendant city a deed, duly exe-cuted and acknowledged, which was accepted by the city, which is set forth at length, and which, after certain reci-tals, proceeds as follows:

"Said parties of the first part, in consideration of one dollar and other valuable considerations received, to the full satisfaction of the said party of the second part, for themselves and their heirs and assigns, doth cov-enant and agree with, grant and confirm unto, the said party of the sec-

ond part, its successors and assigns, that it shall be lawful for the said party of the second part, its successors and assigns, and their respective tenants, officers, agents, and servants, and any other person or persons, for the benefit or advantage of the said party of the second part or its successors or assigns, at all times freely to enter upon the lands and premises situated in the city of *Eau Claire*, in the county of Eau Claire, in said state, and described as follows, to wit: Lot two (2), in section eighteen (18), township number twenty-seven (27) north, of range number nine (9) west, for the purpose of constructing, maintaining, and operating a canal or race-way along and upon the westerly shore of the Chippewa river, as may be most practical and convenient, and a public highway along and contiguous to the westerly shore of said canal, not exceeding four (4) rods in width, upon a strip of land not exceeding eight (8) rods in width, adjacent to said Chippewa river, from the southerly line or boundary of the lot or parcel of land in said lot numbered two, conveyed by these grantors, to the grantees herein, of even date herewith, to the southerly boundary of said lot numbered two (2), of sufficient size and capacity to connect the Chippewa river with Half-Moon lake, for the purpose of running and floating logs, timber, fence posts, and railroad ties into said Half-Moon lake, and holding and booming the same therein, and for all other and every the uses, purposes, and objects contemplated, authorized, or required by said several legislative acts. Also to cut trees and timber, quarry stone, and dig earth and remove and use the same for all and every the uses, purposes, and objects aforesaid; all the above-mentioned rights, privileges, and easements hereinbefore granted and vested in the said party of the second part, its successors and assigns, to be held, enjoyed, and used in and upon said strip of land eight rods wide, and not otherwise; the westerly boundary line of said strip of land to be eight rods from and parallel to the Chippewa river at high-water mark.

"*Provided*, however, and these presents are upon these express conditions and reservations following, to wit: That the grantee herein, its successors and assigns, shall, before the water is let into said canal or race-way for the purpose of operating and using the same as herein provided, construct, finish, and operate the said highway along the westerly shore or side of said canal or race-way at least sixteen (16) feet in width, and so that no part of the bed of the same shall be over ten (10) feet above the surface of the water as it may or shall run in said canal or race-way at high-water mark on the Chippewa river. (2) That the grantee herein, its successors and assigns, shall pay all taxes of every name and nature which shall be lawfully assessed upon the rights, privileges, and easements herein granted to them, and upon all the works, erections, and structures made by them, or any of them, on said strip of

land for the purposes aforesaid. (3) That the grantors herein reserve to themselves, their heirs and assigns, the right and privilege at all times to cut trees and timber, quarry stone, and dig earth and remove the same from said strip of land. (4) That the grantors herein also reserve to themselves and their heirs and assigns all the stone which may be dug, quarried, or blasted by the grantee herein, its successors and assigns, in the construction and completion of any of the works, and not needed or used by them, or any of them, for the uses, purposes, and objects contemplated, authorized, or required by said several legislative acts, and in the construction, completion, maintenance, and operation of said canal or race-way. (5) That none of the rights, privileges, and easements herein granted to the said grantee, its executors, successors, and assigns, shall be enjoyed by them, or any of them, beyond the boundary or limits of said strip of land eight rods in width, herein described. (6) That the said canal or race-way, and the highway and other works hereinbefore mentioned, shall be fully constructed and completed within the period of five years from the date of these presents.

"To HAVE AND TO HOLD the above-granted rights, privileges, and easements in and to the lands and premises aforesaid, and every of them, unto the said parties of the second part, their successors and assigns, to their own proper use and benefit forever, for all and every the uses and purposes aforesaid, and for no other use and purpose whatsoever, subject, however, to all the aforesaid exceptions, conditions, and reservations.

" *Provided always*, and these presents are upon the express condition, that if at any time the above-mentioned contemplated works shall cease to be maintained and operated for the purposes contemplated, required, and authorized by said several legislative acts, the covenants, agreements, and grants herein contained, and these presents, shall cease and become null and void for every purpose whatsoever."

The complaint further proceeds as follows:

" That immediately thereafter the said defendant entered upon said lands so described, and did build and construct its dam, and build its race-way, and let the water therein, built the other works in connection therewith, and did use and appropriate to itself the full use and possession of that part of said lot two (2) so conveyed, and all the rights, privileges, and easements therein granted; and ever since said time has maintained and used said premises, and been in the exercise of the full use and enjoyment of all said rights, privileges, and easements.

Pinkum vs. The City of Eau Claire.

"And the plaintiff further shows that all the rights, considerations, covenants, and conditions in said lease which were by its terms to be performed by the said defendant, and the full use and benefit thereof, and the right to recover for the same and to enforce performance thereof, was, on the 5th day of January, 1880, duly assigned, transferred, and sold to this plaintiff for a valuable consideration by the said Mead and Bolles, and the said lot two duly conveyed to the plaintiff by said Mead and Bolles and their wives, respectively.

"And the plaintiff further shows that the said defendant has wholly neglected, failed, and refused to perform any of the conditions or covenants expressed in said deed on its part to be performed as a consideration for said grant, and specially failed and neglected to construct or operate the highway along the westerly shore of the canal, therein described, which was the consideration for such grant. That the banks of said lot two, from the Chippewa river, were at the times mentioned, and now are, very steep,— almost perpendicular,— to a length of about one thousand three hundred and twenty feet, and consist of a rocky ledge of sandstone. That such ledge at that time, and continuously since, was of great value as a stone quarry; the stone therein being of exceptionally good quality for building purposes, and superior to the stone in most other quarries adjacent to Eau Claire. That, in order to work said quarry successfully, it was necessary that the road-way mentioned in said deed should be constructed; and on account of the height of the banks, and they being of solid stone, the expense of constructing such a highway was very large,— at least eight thousand dollars; and to secure such highway was the chief and only purpose of the grant from Mead and Bolles to the defendant, on their part; and such condition being attached to the grant was the sole consideration of the purchase of the land and the rights on the premises

Pinkum vs. The City of Eau Claire.

from Mead and Bolles by the plaintiff. That by means of said highway large quantities of valuable stone could have been quarried; for which there then was, and ever since has been, a ready sale in the city of Eau Claire, within which said quarry is located, at large profits over and above the cost of quarrying the same. And that, by reason of the neglect and refusal of the defendant to construct and maintain such highway as it is stipulated and agreed, the plaintiff has been unable to work such quarry, has been deprived wholly of its use, and suffered the loss of the profit which he would have made had the road been so constructed and maintained, which profit would not have been less than five hundred dollars for each and every year he could have worked said quarry by means of access thereto and therefrom by said highway; and he has sustained damage in said sum each such year, amounting in the aggregate to the sum of seven thousand dollars."

The complaint also alleges the delivery to the city on the 28th of April, 1890, of a notice and demand that the city immediately perform the conditions of said deed, and pay to the plaintiff the damages he has sustained by reason of the nonperformance thereof, alleged to be $500 per year; but the city has not complied with the demand, or taken any action towards complying with the same.

The prayer for judgment is as follows: " Wherefore the plaintiff prays for the decree of this court that the said defendant be commanded to immediately construct and maintain such highway, and it pay to the plaintiff the damages he has sustained by reason of not having constructed the same at the time and in the manner conditioned in said grant from Mead and Bolles to it; and that, in case of default in so doing after such decree, that the said deed and grant be decreed annulled, vacated, and set aside, and the plaintiff be decreed to hold the title to said lot two (2) free and clear from any cloud created by the same. That the

defendant deliver up possession of that part of· said lot
which it occupied under said grant, and remove all obstruc-
tions or encroachments it has placed and now maintains
upon the same; and that it be decreed to pay the damages
heretofore sustained; and for such other and further relief
in the premises as may be proper and agreeable to equity,
and that the plaintiff have judgment for his costs and dis-
bursements of this action."

The grounds of the demurrer are as follows:   " (1) That
the plaintiff has not legal capacity to sue, such defect con-
sisting in the fact that the plaintiff is suing in the. pre-
tended capacity of the assignee of the pretended causes of
action in the complaint set forth, and as such assignee has
no lawful right to maintain such action.   (2) That several
causes of action have been improperly united in said com-
plaint.   (3) That the complaint does not state facts sufficient
to constitute a cause of action.   (4) That the said action was
not commenced within the time limited by law; and in re-
gard to said fourth objection the defendant refers to the
following statutes, which are claimed by it to limit the
plaintiff's right to sue: (1) sec. 4215, R. S. of Wis.; (2) subd.
4, sec. 4221, R. S.; (3) subd. 3, 5, sec. 4222, R. S."

For the appellant the cause was submitted on the brief
of *H. H. Hayden.*

For the respondent there was a brief by *W. F. Bailey,*
attorney, and *T. F. Frawley,* of counsel, and ·oral argu-
ment by *Mr. Frawley.*

WINSLOW, J.   The deed set forth in the complaint un-
doubtedly granted to the city an easement over the lands
described in the deed for the purposes set forth therein.
It was an easement in gross, because it does not appear to
be appurtenant to any estate in the land, and it was upon
condition.   Whether the condition was precedent or subse-
quent is not necessary to be decided upon this appeal, and
is not decided.   The easement was also in perpetuity.

Pinkum vs. The City of Eau Claire.

That an easement may be created in fee is well settled. The fee of land may be in one person, and the fee of an easement upon such land in another. 2 Bl. Comm. ch. 7, pp. 106, 107; *Story v. N. Y. El. R. Co.* 90 N. Y. 122, 158; *Child v. Chappell,* 9 N. Y. 255; *Nellis v. Munson,* 108 N. Y. 453. Technically, an easement in fee must be appurtenant to land; and consequently, the easement here created, being in gross, is not strictly an easement in fee, but, being granted to the city, "its successors and assigns," it is capable of assignment, and is therefore undoubtedly in perpetuity, though not technically in fee. *Poull v. Mockley,* 33 Wis. 482. The difference is purely technical, and does not affect any substantial right in this case. Therefore, when this deed was executed and delivered, the fee of the land remained in the grantors, Mead and Bolles, subject to the conditional easement in perpetuity created by the deed. Being the owners in fee of the land, they could, of course, convey it to another; and their grantee would stand in their shoes. Why, then, cannot such grantee bring an action against one claiming an easement on condition, to take advantage of condition broken or enforce its performance? It is said that he cannot because of the long-settled common-law principle that a condition in a deed can only be reserved to the grantor or his heirs, and not to a stranger. This rule applies to land conveyed upon condition subsequent, and the reason of the rule is that the estate is not defeated, though the condition be broken, until entry by the grantor or his heirs, and there is nothing to assign save a mere right of entry, which at common law is not assignable. *Nicoll v. N. Y. & E. R. Co.* 12 Barb. 460; *S. C.* 12 N. Y. 121; 1 Greenl. Cruise, tit. 13, ch. 1, § 15.

No such rule can apply here, because the reason does not exist. In this case the plaintiff does not claim as the assignee of a mere right of action or right of entry on land, but he claims as owner in fee of land burdened with an easement granted upon condition, which condition is alleged

to have been broken.  It would be a singular rule of law which would forever prevent the owner in fee of lands from questioning the right of another to maintain an easement upon his land, when there existed a violation of the express condition upon which the easement was granted. No such rule exists.

It is claimed by the appellant that the condition in the deed that the city shall build a highway is void, because it appears that the building of such highway would involve an expense of some $8,000, and the complaint does not allege that any action was ever taken by the common council of the defendant city agreeing to the condition or promising to perform it, and the city charter containing a provision that no debt shall be created or liability incurred by the city except by a vote of a majority of the members of the council.  Hence it is argued that the condition in the deed was and is void, and that the title to the easement vested in the city without performance of the condition. In reference to this and kindred objections it is sufficient to say that the complaint alleges substantially that the city made and entered into this agreement and purchased and received the deed of the property in issue upon the terms, conditions, and reservations expressed in the deed.  Upon demurrer this must be construed as meaning that such steps were taken as were legally necessary to make the conditions of the deed effectual.

It is further objected by the appellant that an action in equity will not lie, because the plaintiff has an adequate remedy at law by an action in ejectment.  Neither is this objection well taken.  Ejectment is not the appropriate remedy for the recovery of a mere easement.  *Child v. Chappell*, 9 N. Y. 246; *Strong v. Brooklyn*, 68 N. Y. 10; Washb. Easem. (4th ed.), 740.  In this connection see also *Racine v. Crotsenberg*, 61 Wis. 481.  It is true that in *Lawe v. Kaukauna*, 70 Wis. 306, ejectment was maintained against a

Pinkum vs. The City of Eau Claire.

city for property which was claimed by the city as a highway or approach to a bridge. The case shows, however, that permanent walls and abutments had been built upon the property, and that the bridge, when closed, rested partially thereon, so that it was in fact permanently occupied. Furthermore, no objection was taken in that case that the proper remedy was in equity. That question was not raised, and hence not decided. The case is not authority against the doctrine that the proper remedy here is in equity.

The claim that the complaint shows adverse possession by defendant for more than ten years is not tenable. It simply shows such possession as is necessary to the full enjoyment of the easement. Such possession is not adverse to the owner of the land. The character of the possession is determined by the character of the claim under which possession is taken and held. The claim is only of an easement.

The objection that the complaint improperly joins two causes of action — one for damages at law, and one for equitable relief — cannot prevail. It being settled that equity has jurisdiction to entertain the action for the purposes of determining the rights of the parties with regard to the easement, it will, on familiar principles, take cognizance of the controversy in all its branches, and settle the rights of the parties by a single decree, thus saving multiplicity of suits. *Turner v. Pierce*, 34 Wis. 658.

It is said that the claim for money damages is barred by a provision of the charter of the defendant city which was in force prior to passage of ch. 184, Laws of 1889, as follows: "No action shall be maintained by any person against the city of *Eau Claire* upon any claim or demand until such person shall first have presented his claim or demand to the common council for allowance, and allowance thereof refused by said council." What effect this provis-

ion may have upon the claim for damages is not necessary to be determined. It plainly is inapplicable to an action for equitable relief, and hence cannot serve as ground for demurrer to the entire complaint.

The revised charter of the city (ch. 184, Laws of 1889) also contains the following provisions, which are relied upon to defeat this action:

"Sec. 22. No suit of any kind, or any claim or cause of action, either *ex contractu* or *ex delicto*, shall be brought against said city, but the claimant shall file his claim with the city clerk, for the action of the common council thereon; and, if he feels aggrieved by their determination, he may appeal to the circuit court in the manner hereinafter provided. If the council neglects to take final action within sixty days after the same is filed, the same, for the purposes of an appeal by the claimant, may be taken as disallowed. In case an appeal is taken, the city clerk shall immediately notify the city attorney, and shall make and deliver to him a copy of all papers and proceedings relating to the matter in his possession. He shall notify the common council of such appeal at its next meeting; and no appeal shall be taken, entertained or allowed from the determination of such council, unless the cause of action accrued within six months immediately prior to the time when such claimant shall have filed his said claim with the city clerk as aforesaid.

"Sec. 23. The determination of the common council, disallowing in whole or in part any claim or causes of action of any person, or company, or corporation, shall be final and conclusive, and a perpetual bar to any action in any court founded on such claim, unless such person, persons, company, or corporation shall appeal from such action disallowing the same to the circuit court, as provided in this chapter."

These provisions, if applicable to such an action as this,

would, by their terms, absolutely bar this action immediately upon the passage of the act, because the cause of action accrued more than six months before the claim could be filed with the city clerk; hence no appeal could be taken from a disallowance by the council, and that determination would be final and conclusive. Thus the right of action is absolutely cut off at once and without giving any time to prosecute. This cannot be done, under well-established principles. *Arimond v. G. B. & M. Canal Co.* 31 Wis. 316.

The final objection taken is that this action is barred by the statute of limitations. R. S. sec. 4221, subd. 4. The deed was given in January, 1877. By its express provisions the city had five years in which to complete the canal and highway, so that it would seem that the cause of action did not accrue until January, 1882, which is less than ten years before the commencement of this action, and consequently the action is not barred by the statute last named, which fixes the period at ten years.

It is unnecessary to discuss the question as to what precise form of relief the plaintiff will be entitled to if he substantiates his complaint upon the trial. He may not be entitled to all that he has prayed in his complaint, nor perhaps in that form, but that he will be entitled to some remedy we cannot doubt.

*By the Court.*— Order affirmed.