DETROIT CITIZENS' STREET-RAILWAY CO. *v*. CITY OF DETROIT.

124   449
125   682
125   688
124   449
s83NW 104

LIS PENDENS — STREET - RAILWAY FRANCHISE — BONA FIDE PURCHASER.

    The right to maintain and operate a street railway in the public street is an interest in land; and therefore, under 1 Comp. Laws 1897, § 441, requiring a notice of *lis pendens* to be filed for record in order to render the filing of a bill in equity constructive notice to a purchaser of "real estate," where no such notice of a bill to enjoin the exercise of the right was filed, a purchaser pending the litigation, who had no actual notice, was not bound by the decree.

Appeal from Wayne; Waite, J. Submitted April 13, 1900. Decided June 5, 1900.

Bill by the Detroit Citizens' Street-Railway Company, the Detroit Suburban Railway Company, and the Union Trust Company against the city of Detroit for an injunction, and to remove a cloud from title. From a decree for complainants, defendant appeals. Affirmed.

*Brennan, Donnelly & Van De Mark*, for complainant railway companies.

*Russel & Campbell*, for complainant trust company.

*C. D. Joslyn*, for defendant.

HOOKER, J. On May 7, 1891, the township of Hamtramck, through its township board, granted to Henry Plass, Emil Stroh, and others, and their associates and assigns, consent, permission, and authority to lay, construct, maintain, and operate a single or double track railway along and through the Gratiot road, the same to be in operation by the 1st day of January, 1892. The grantees accepted the same, and promised to build said road, by an instrument in writing. On May 13, 1891, the territorial limits of the city of Detroit were extended so as to include that portion of the Gratiot-avenue road covered by said grant, and on December 10, 1891, the grantees notified the board of public works of the city of Detroit of their rights under said contract, and that they had been assigned to the Gratiot-Avenue Railway Company. Upon receiving notice of the intention of the Gratiot-Avenue Company to build said railway, the city filed a bill in the Wayne circuit court in chancery, alleging that the grant from the township was void, and that the city had not granted any authority for the construction of said railway, and praying an injunction to restrain the building thereof. On December 21, 1891, the attorney general, on relation of Hazen S. Pingree, filed a similar bill. These bills were dismissed by decree dated June 28, 1892. The company built the road, and operated it until November 1, 1892, when it was purchased by the Detroit Suburban Railway Company, together with all franchises of the company. On the same day the Detroit Suburban Railway Company mortgaged its property, including this line, to secure bonds amounting to $400,000, payable in 10 years, of which bonds $275,000 are outstanding and unpaid. On the same day it leased all of its lines to the Detroit Citizens' Street Railway for 10 years, and that company has since operated them under said lease.

The complainants appealed the two suits mentioned, and on February 18, 1893, counsel for the complainants asked that the cases be heard; whereupon the defendant's counsel offered to consent to a decree for all that the bills

prayed, and a decree was entered in each case vacating and setting aside the franchise granted by the township of Hamtramck. This occurred several months after the defendant in those suits, viz., the Gratiot-Avenue Railway, had parted with its interest in said railway to the Suburban Company. No steps have since been taken to restrain the building or operation of said road against any of the companies connected with the transaction, and the Citizens' Company has expended large sums in putting down new rails and changing the road to an electric equipment.

It having been determined by the board of public works to pave the street, it took bids; one bid being for paving the full width of the street, the other for the width of the street less the space required for double tracks. A contract was made on the basis of these bids, leaving it optional with the board to have it paved the full width or excluding the required space for tracks. Thereupon the Detroit Citizens'. Street-Railway Company, the Detroit Suburban Railway Company, and the Union Trust Company, representing the bondholders, filed the bill in this cause to restrain the city from tearing up the tracks and preventing the operation of the railway, and to remove the cloud from the complainants' title, created by the decrees heretofore mentioned. It alleges a denial by the city of any rights upon the part of the complainants to maintain and operate said road, and a threat to remove it, and pave the entire width of the street, unless the complainants consent to put down a double track, and pave between the rails, upon said street, without any recognition of complainants' rights in the street; and avers that complainants are ready and willing to pave the street to the extent required of them, provided the city will recognize and affirm complainants' rights in the property and franchises aforesaid. The answer denies that the facts show a valid franchise to construct and operate a road within the city of Detroit for 30 years. It denies that the Gratiot-Avenue Railway acquired any vested right to operate a railway within the city of Detroit. It admits the decrees, states

that the complainants were privy to them and had knowledge of them, and denies that it has consented or acquiesced in complainants' occupancy. It avers a right to pave, and to require the railway to conform to its requirements, and upon its refusal claims the right on the part of the city to grade and pave without regard to the tracks, and that complainants have not a right to attach a condition to their compliance with the municipal regulations about paving, and prevent the paving of said street until the defendant shall comply with such condition. A decree was rendered for the complainants, and the city has appealed.

Considering the bill one whose primary object is to remove the alleged cloud upon complainants' title, we need not concern ourselves about the injunction until that question is decided, because, if complainants have no title,—*i. e.*, no valid easement in the highway,—they have no right to an injunction. The road was constructed pending the previous litigation, which plainly raised the question whether the alleged franchise attempted to be obtained from the township of Hamtramck was effective to convey any right beyond a revocable license in the highway. The city commenced said litigation very soon after receiving notification, apparently upon a *bona fide* claim that the alleged franchise was invalid. The case was contested in the circuit court, and the city was defeated. Upon the hearing in this court, counsel for the city insisted upon presenting the case and having it disposed of upon the merits; but, as counsel for defendant withdrew opposition, and in open court consented to a decree as prayed in the bill of complaint, the court declined to hear counsel, and entered the decree. We see no ground upon which we can say that this was not a decree upon the merits, binding upon all parties to the record and their privies. None of the present complainants were parties, but, in the absence of a statute affecting the question, we should not doubt that the decree was binding upon all of these complainants; but we think that 1 Comp. Laws 1897, § 441,

is applicable. The complainants claim an interest in the street in the nature of an easement or servitude. It is based upon action by the township of Hamtramck, and, as no direct attack is made upon the validity of such action, and no defect pointed out either in the testimony or briefs, we must assume it to have been effective to convey to the Gratiot-Avenue Railway Company, and through it to the complainants, the right to maintain and operate a street railway upon this street according to its terms. This was an interest in land. See *Post* v. *Pearsall*, 22 Wend. 425; *Tinicum Fishing Co.* v. *Carter*, 61 Pa. St. 21 (100 Am. Dec. 597); *Cadwalader* v. *Bailey*, 17 R. I. 495 (23 Atl. 20, 14 L. R. A. 300); *Goodrich* v. *Burbank*, 12 Allen, 459 (90 Am. Dec. 161); *Mayor, etc., of Knoxville* v. *Africa*, 23 C. C. A. 252, 77 Fed. 501; *Nellis* v. *Munson*, 108 N. Y. 453 (15 N. E. 739); *Pinkum* v. *City of Eau Claire*, 81 Wis. 301 (51 N. W. 550); *Huff* v. *McCauley*, 53 Pa. St. 206 (91 Am. Dec. 203); *Oswald* v. *Wolf*, 126 Ill. 542 (19 N. E. 28); *Tinker* v. *Forbes*, 136 Ill. 221 (26 N. E. 503); *Waggeman* v. *Village of North Peoria*, 160 Ill. 277 (43 N. E. 347); *Story* v. *Railroad Co.*, 90 N. Y. 122 (43 Am. Rep. 146); *Hall* v. *Turner*, 110 N. C. 292 (14 S. E. 791); *Willoughby* v. *Lawrence*, 116 Ill. 11 (4 N. E. 356, 56 Am. Rep. 758); *Rascher* v. *Railway Co.*, 90 Mich. 415 (51 N. W. 463, 30 Am. St. Rep. 447); *Laethem* v. *Railway Co.*, 100 Mich. 297 (58 N. W. 996); 2 Comp. Laws 1897, §§ 6446–6449; *In re Citizens' Pass. Ry. Co.*, 2 Pittsb. R. 10; *Craig* v. *Railroad Co.*, 39 N. Y. 404. There is nothing upon the face of the record to show that they, or any of them, had actual notice of the pending proceedings at the time their interests were acquired; and, while we may think it improbable that they were ignorant of so notorious a fact as the litigation referred to, we cannot assume that they had notice, in the absence of proof. If they had, it would seem that the same might have been easily proved. In the absence of any attempt to do so, we must assume that such proof could not be made. The statute (1 Comp. Laws 1897, §

441) requires the filing for record of a notice of the pendency of suit to render the filing of a bill constructive notice of the proceedings to any purchaser of real estate, thus practically abolishing the doctrine of *lis pendens* as to real property. See 2 Black, Judgm. § 550; 1 Freem. Judgm. §§ 191, 193, 198, 212.

We are of the opinion, therefore, that the complainants are not bound by the decrees mentioned, and that they are entitled to have the cloud caused by such decrees removed, and their right to maintain and operate said road under the proceedings taken by the township of Hamtramck decreed, but subject to supervision and regulation by the city of Detroit in accordance with law. It will be decreed (in substantial conformity to the decree appealed from) that:

"The Detroit Citizens' Street-Railway Company and the Detroit Suburban Railway Company are entitled to continue to operate and maintain the railway on Gratiot avenue, between Sheridan avenue and the easterly limits of the city of Detroit, under the rights granted by the township board of the township of Hamtramck, as set forth in the bill of complaint in this cause.

"That the city of Detroit, its officers and agents, be, and they are hereby, enjoined from interfering in any way with the maintenance and operation of said railway, particularly under any contracts for paving said Gratiot avenue which may have been made by the said city of Detroit: *Provided*, however, that said city may require the relaying and paving of said railway tracks contemporaneously with the paving of said street, but to be so relaid in the center thereof, so as to conform to the grade of said street when the same is repaved, in accordance with the terms of the paving and other ordinances of said city: *And provided further*, that this decree shall not interfere with nor limit the city in its general control over the maintenance and operation of said railway not inconsistent with the rights granted by said township of Hamtramck.

"That the said complainants recover of the defendant their costs to be taxed, and that they have execution therefor."

The other Justices concurred.