**In re COBB.**

**ASHBAUGH v. BECKER.**

No. 15594.

District Court, E. D. Michigan, S. D.

April 21, 1936.

For prior opinion, see 11 F.Supp. 533.

Harold E. Howlett, of Pontiac, Mich., for receiver.

Frederick B. Darden and William W. Brashear, both of Detroit, Mich., for trustee.

TUTTLE, District Judge.

This proceeding in bankruptcy is now before this court on a petition of the trustee in bankruptcy for a rehearing which presents new arguments and places the matter in a new light. The material facts may be summarized as follows:

At the time of the filing of the voluntary petition in bankruptcy herein the bankrupt was in possession of a certain parcel of land, consisting of a city lot and a building thereon, which on the filing of the petition in bankruptcy herein came into the custody of this court. Several years previously the bankrupt had obtained a loan from a national bank, and to secure such loan had executed and delivered to such bank, and the latter had accepted, a mortgage, which both the mortgagor and the mortgagee intended as a mortgage on said entire parcel, both of them believing that the mortgage was drawn so as to describe the entire lot. Through mutual mistake on their part this mortgage described only one-half of said parcel. The mortgage was promptly filed for public record in accordance with the applicable Michigan statute. Attached to the bankruptcy petition when filed herein were the bankruptcy schedules of the bankrupt, which schedules described and referred to the said entire parcel as covered by the said mortgage. The trustee in bankruptcy had no actual knowledge of said mistake, and it does not appear that any creditor of the bankrupt had any knowledge or notice thereof. No Michigan statute requires the recording of a real estate mortgage as against any creditors, and the only Michigan statute material here is that hereinafter quoted. The interest of the mortgagee is now held by a receiver for such mortgagee, who here seeks to have such mortgage reformed so as to describe the entire parcel which it was intended to cover, and to enforce such mortgage as so reformed against the trustee in bankruptcy of the mortgagor. The ultimate question involved is whether he is entitled to such relief or whether, on the other hand, title to the one-half of said parcel not described in the mortgage should be declared to be vested in the trustee in bankruptcy, free and clear of said mortgage, as prayed by him.

Section 47a of the Bankruptcy Act, as amended (11 U.S.C.A. § 75(a) provides that "trustees * * * as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

When this matter was last before this court it was not made clear to the court that the trustee was claiming that he had the status of a "creditor holding a lien by legal or equitable proceedings." On the contrary, the arguments indicated to the court, and the court understood, that the trustee was claiming only the status of a "judgment creditor holding an execution," and disposed of the case upon that understanding. It now clearly appears, from the exhaustive and able briefs submitted by counsel for the trustee in connection with the petition for review, that the trustee is claiming, under the section of the Bankruptcy Act already quoted, that this property has come "into the custody of the bankruptcy court" and that therefore the trustee in bankruptcy is vested with the rights of a creditor "holding a lien by legal or equitable proceedings," such as an execution lien, which contention is correct and must be sustained.

The question as to what are the rights of this trustee in bankruptcy, under section 47a of the Bankruptcy Act, with respect to this property, depends, of course, upon the law of Michigan, where such property is located. This is too well settled to require the citation of authority, and is undisputed here. The only applicable Michigan statute is the following provision of section 14618 of the Michigan Compiled Laws of 1929: "No levy by execution on real estate shall be valid against bona fide conveyances made subsequent to such levy, until a notice thereof, containing the names of the parties to the execution, a description of the premises levied upon, and the date of such levy, shall be filed by the officer making the

same, in the office of the register of deeds of the county where the premises are situated, and such levy shall be a lien thereon from the time when such notice shall be so deposited; and the lien thus obtained, shall, from the filing of such notice, be valid against all prior grantees and mortgagees of whose claims the party interested shall not have actual nor constructive notice."

It will be noted that if the trustee in bankruptcy were entitled only to the rights of a judgment creditor holding an execution, but not shown to have filed said notice as prescribed by said statute, he would not be entitled to the rights of a lien creditor under section 47a, and the court so held in its former opinion herein. As, however, the trustee in bankruptcy herein is now shown to be vested with the rights of a creditor holding an execution lien, such trustee must, for the purposes of the present case, be deemed to have complied with all of the requirements prescribed by the Michigan statute just quoted as necessary to the acquisition of such a lien, including the filing of the notice so prescribed; and, as this Michigan statute provides that this lien is "valid against all prior grantees and mortgagees of whose claims the party interested shall not have actual nor constructive notice," said trustee is entitled to priority over the mortgage here involved, unless it appears that he has such actual or constructive notice.

As already stated, the trustee in bankruptcy had no actual notice of the claims of the mortgagee in said mortgage or of its receiver. The remaining question is whether he had constructive notice of said claims. After careful review of all of the briefs submitted by counsel for the parties and full consideration of all applicable authorities, I reach the conclusion that the trustee in bankruptcy herein had no constructive notice which makes his rights here inferior to those of the mortgagee or his said receiver.

The contention that the possession of the property by the bankrupt resulted in constructive notice to the trustee in bankruptcy at first appears plausible, but on closer consideration it is apparent that any notice arising from such possession by the bankrupt is notice of rights of the bankrupt and not of rights of the mortgagee or its receiver, and any such rights now belong to the trustee in bankruptcy.

The contention that the reference, in the schedules herein, to this mortgage as covering the entire property, operated to charge the trustee in bankruptcy with constructive notice of the rights of the receiver, while at first appearing to have force, must be overruled for the reason, if for no other, that the Michigan Supreme Court has laid down the rule in Michigan, binding on this court in this cause, that, in the absence of a Michigan statute making the filing of a public record constructive notice, such filing does not constitute such notice. Detroit Citizens' Street Railway Co. v. Detroit, 124 Mich. 449, 453, 83 N.W. 104, 105. In that case the court said: "The statute (Comp.Laws, § 441) requires the filing for record of a notice of the pendency of suit to render the filing of a bill constructive notice of the proceedings to any purchaser of real estate, thus practically abolishing the doctrine of lis pendens as to real property." No Michigan statute has been cited, and I know of none, which makes the filing of a petition in bankruptcy constructive notice of any fact to which such petition refers. This contention, therefore, cannot be sustained, and there is no occasion to consider whether such contention would otherwise be meritorious.

I have carefully considered all of the claims and arguments presented on behalf of the receiver, but am unable to agree with any of them. It results that the decision of the referee in bankruptcy must be set aside and an order entered in accordance with the petition for relief filed by the trustee in bankruptcy.