Michael P. Hanley and Judith Hanley, Plaintiffs-Respondents,
v.
Richard J. Krummen, Defendant-Appellant.
No. 03-0164.
Court of Appeals of Wisconsin.
Dated and Filed: February 19, 2004.
Before Deininger, P.J., Vergeront and Higginbotham, JJ.
¶1. PER CURIAM.
Richard Krummen appeals from a judgment enforcing the terms of an expressly granted easement over his property. Krummen claims he was improperly denied his right to a jury trial; that the easement was invalid from the start because there was no meeting of the minds as to its terms; that even if the easement was properly created, Krummen should have been allowed to rescind it or to collect damages based on several alleged violations by the easement holder of the easement conditions; and finally that even if enforceable, the easement should not have been construed to prohibit Krummen from erecting a gate. We reject each of Krummen's arguments and affirm for the reasons discussed below.

BACKGROUND
¶2. Wilton and Dorothy Johnson owned a 60-acre farm adjacent to a 254-acre farm owned by Michael and Judith Hanley. In 1994, Johnson attempted to end Hanley's use of an access road across a hayfield on his land. In response, Hanley sued Johnson to establish a prescriptive easement. Hanley eventually dropped the suit in exchange for Johnson's agreement to grant him an easement. The parties subsequently signed and recorded a written easement agreement granting Hanley and his successors in interest an easement over Johnson's land. The agreement stated in relevant part:
2. USE. This Easement is granted for right-of-way purposes for access to Hanley's lands for agricultural, wood-cutting, horse back riding, nut and berry gathering, hunting and cemetery purposes only. The easement area shall not be used for any other purpose other than those described above, including, without limitation, residential, industrial, developmental, or commercial purposes. Johnson shall not use their lands so as to unreasonably interfere with the easement rights of Hanley. Hanley shall use the easement area in a manner which interferes with Johnson's use of the land no more than is reasonably necessary.
3. DEVELOPMENT. The easement area shall not be developed beyond a dirt road and no sand, gravel, concrete, asphalt, aggregate, cement or minerals may be added to the easement area except for the construction and maintenance of the culvert as provided in paragraph 4 below. It is intended that the easement area retain its natural state to the extent practical. Snow plowing and grading are permitted as required and necessary. No structures or improvements shall be constructed, erected or placed upon the easement area except as specifically provided for in this agreement.
4. CULVERT AND ACCESS. Notwithstanding the provisions of paragraph 3, Hanley shall install and construct, at Hanley's own expense, a culvert and access to the easement area at the most Northwesterly portion thereof at a point adjacent to 9th Drive. The use of breaker rock, gravel, dirt and sand are permitted to be used on this area only, as is reasonably necessary for the construction and maintenance thereof.
5. MAINTENANCE. Hanley shall, at Hanley's own expense, be responsible for all costs related to the repair, maintenance and upkeep to the easement area and the construction of the culvert and access area described in the preceding paragraph and subject to the restrictions of this agreement.
¶3. Krummen purchased the 60-acre farm from Johnson in 1999 and subsequently installed an unlocked gate across the easement to allow his horses to graze. Hanley eventually sued to have the gate removed, and obtained a temporary restraining order (TRO). Krummen filed a counterclaim seeking damages caused to Krummen's farm equipment as the result of Hanley's alleged failure to maintain the road and rocks strewn on Krummen's land outside of the culvert area. Krummen also moved to quash the TRO.
¶4. At a hearing on the motion to quash the TRO, the trial court asked counsel for both parties if they were ready to schedule the matter for a final hearing. Because one of the attorneys did not have his partner's calendar with him, the court indicated it would call the attorneys' offices the following week to set a date. Both attorneys agreed with this arrangement. On January 14, 2002, the trial court sent out a Notice of Hearing, scheduling the matter for trial on March 20, 2002. On February 28, 2002, Krummen requested a jury trial for the first time. The trial court denied the request, and the matter proceeded to a trial before the court. The trial court held that the easement agreement precluded the placement of a gate, and denied Krummen's claim for damages, although it directed Hanley to maintain the road. Additional facts will be set forth as necessary below.

DISCUSSION

Jury Trial
¶5. Krummen first contends the trial court erred in refusing his request for a jury trial. He claims that, because the trial court never issued a formal scheduling order, his time to request a jury trial under Wis. Stat. § 802.10(3)(e) (2001-02)[1] never began to run, much less expired. The trial court did not deny Krummen's request for a jury trial as merely untimely, however. Rather, it ruled that Krummen had waived his right to a jury trial both by the terms of the parties' stipulation to bypass arbitration and by counsel's participation in a conference call scheduling the matter for a trial to the court.
¶6. Under Wis. Stat. § 805.01(3), the right to a jury trial is waived "if the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered on the record, consent to trial by the court sitting without a jury." Here, a stipulation signed by the parties provided in relevant part that "both parties stipulate and agree that they desire this matter to be decided by the court as opposed to arbitration," because they believed it would be "more efficient and more cost effective."
¶7. Krummen contends that the phrase "decided by the court" in the parties' stipulation to bypass arbitration could encompass a jury trial. We need not resolve the parties' dispute over the meaning of their written stipulation, however, because we are persuaded that Krummen's attorney's agreement that the court could call his office to schedule a trial to the court constituted an oral agreement on the record that the case could be tried without a jury. We therefore agree with the trial court that Krummen waived his right to a jury trial.

Validity of the Easement
¶8. Krummen next contends that the easement is invalid because Hanley and Johnson entered into their settlement agreement (namely, Johnson's conveyance of the easement in exchange for Hanley's dismissal of his lawsuit) without a mutual understanding on a variety of topics  including what survey description was to be used, whether the easement would preclude gates, what was meant by the natural state of the road, and whether the easement was to be appurtenant to the land or in gross. Krummen's contention is flawed in multiple respects.
¶9. First, Krummen was not a party to the settlement agreement and does not claim to be a third-party beneficiary thereof. Therefore, even assuming that the invalidation of the settlement agreement could lead to the invalidation of the easement (a proposition for which Krummen has provided no direct authority), Krummen would lack standing to challenge the settlement agreement. See Schilling v. Employers Mut. Cas. Co., 212 Wis. 2d 878, 886, 569 N.W.2d 776 (Ct. App. 1997) (only a party or third-party beneficiary has standing to raise a contract claim).
¶10. In any event, based on the complaint and the counterclaim, the instrument at issue in this case is the easement itself, not the settlement agreement which called for its creation. Although labeled as an easement "agreement" and signed by both the Hanleys and the Johnsons, the easement is still subject to analysis under property law, not contract law. See 25 Am. Jur. 2d Easements and Licenses § 21 (1996) (An easement created by agreement "is construed the same as an express grant and by the same rules."); Public Serv. Corp. v. Marathon County, 75 Wis. 2d 442, 446-47, 249 N.W.2d 543 (1977) (document granting property interest was easement, regardless of form).
¶11. The validity of an expressly granted easement depends on compliance with the formal requisites for the conveyance of real property and "plain and direct language evincing the grantor's intent ...." 25 Am. Jur. 2d Easements and Licenses § 18 (1996); see also Negus v. Madison Gas and Elec. Co., 112 Wis. 2d 52, 58, 331 N.W.2d 658 (Ct. App. 1983); see Wis. Stat. § 706.02. Thus, while the original intent of the parties could be relevant to an interpretation of any ambiguous terms in the easement, the general contract requirement of mutual understanding is inapplicable here. We conclude the trial court properly rejected Krummen's challenge to the validity of the easement.

Alleged Violations of the Terms of the Easement
¶12. Krummen also argues that he should be entitled to terminate the easement or collect damages based upon Hanley's alleged failure to comply with the terms and conditions of the easement relating to the maintenance of the road, a deviation from the agreed-upon path, and hunting rights.
¶13. An easement may be subject to conditions precedent or conditions subsequent.[2]Pinkum v. City of Eau Claire, 81 Wis. 301, 307, 51 N.W. 550 (1892). If the easement holder willfully and substantially violates a condition subsequent, the owner of the burdened land may affirmatively act to terminate the easement. See 25 Am. Jur. 2d Easements and Licenses § 111 (1996). If the easement holder otherwise exceeds his rights in the manner or extent of use of the easement, he becomes a trespasser to the extent of the unauthorized use. See id. at § 82.
¶14. The easement here contained a condition subsequent that the easement holder would "be responsible for all costs related to the repair, maintenance and upkeep to the easement area." Krummen alleged that Hanley breached that condition by failing to maintain the road, allowing deep rutting to occur. The trial court found that "parts" of the road had not been "acceptably maintained." We presume, however, that the trial court did not consider Hanley's violation to be substantial because the court did not terminate the easement. In addition, the trial court explained why the easement could not fairly be read to require the degree of maintenance which Krummen had argued for. We are satisfied that the trial court properly determined that no breach of the maintenance condition had occurred based on its reasonable interpretation of the terms of the easement and the facts of record.
¶15. Krummen also contends that Hanley breached the terms of the easement by recording an altered legal description of the path of the easement. The trial court, however, made a factual finding that the recorded legal description was an accurate reflection of the parties' agreement. The trial court's factual finding is supported by the surveyor's testimony and is not clearly erroneous.
¶16. With regard to the hunters who Hanley permitted to use the easement, the trial court pointed out that one of the express purposes of the easement was for hunting. We therefore see no basis to conclude that Hanley breached a condition subsequent of the easement by allowing hunters to use the easement to get to his land.

Interpretation of the Easement
¶17. Finally, Krummen maintains that the easement should not have been interpreted to preclude him from erecting a gate. We agree with the trial court, however, that the plain meaning of the term "structure" used in the easement encompasses a gate. Krummen's complaint that the restriction unfairly burdens him while a gate would impose a minimal inconvenience on Hanley does not provide this court with a legal basis to alter the express terms of the easement.
By the Court.Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] A condition precedent is an act or event which must exist or occur before a duty to perform something arises, while the existence or occurrence of a condition subsequent discharges or ends an existing duty. See Black's Law Dictionary 289 (7th ed. 1999).