JOHN J. MARSH & another *vs.* HAVERHILL AQUEDUCT COMPANY.

Essex.   Nov. 8, 1882. — Jan. 9, 1883.   C. ALLEN, COLBURN & HOLMES, JJ., absent.

A deed to an aqueduct corporation, after reciting that the corporation proposed sinking an aqueduct from one point to another named, " to accomplish which it will be convenient to dig and lay logs through lands " of the grantors, provided that the grantors " bargain and agree that the above-mentioned aqueduct company or their agents shall have liberty to enter upon said lands for the purpose of digging and completing said aqueduct, and at all times thereafter to enter upon said lands when necessary to repair the same." *Held*, that the corporation might enter upon the land, and increase the size of its pipes or relay its pipes upon the line originally adopted, but that it could not lay or relay its pipes upon a new line differing from the original location, and was liable in tort for so doing. *Held*, also, that if by inadvertence or mistake, or under the belief that it had the right to do so, the corporation dug a new trench in a line differing from the former one, it did·not thereby abandon or lose its easement, but, upon discovering its mistake, might relay its pipes upon the original line.

If an aqueduct company has the right to exercise certain rights in the land of a person by deed, and a statute is passed authorizing it to take land by the right of eminent domain, and it then does acts on the land in excess of the powers granted it by deed, a finding, in an action of tort brought against it by the owner of the land, that it did not act under the statute, renders the question of the constitutionality of the statute immaterial.

TORT for breaking and entering the plaintiffs' close in Haverhill, on November 1, 1880, and on divers days and times between that day and the date of the writ, October 18, 1881, and doing

certain acts thereon.   Trial in the Superior Court, without a jury, before *Pitman*, J., who found for the plaintiffs in the sum of $10 ; and the defendant alleged exceptions.   The facts appear in the opinion.

*B. B. Jones*, for the defendant.

*I. A. Abbott*, for the plaintiffs.

MORTON, C. J.   In the deed of Nathan Ayer and others, dated in 1803, under which the defendant justifies, after the recital " that whereas the Haverhill Aqueduct Company propose sinking an aqueduct from the Round Pond in said Haverhill to Haverhill bridge, to accomplish which it will be convenient to dig and lay logs through lands " of said Ayer and others, the grantors " bargain and agree that the above-mentioned aqueduct company, or their agents, shall have liberty to enter upon said lands for the purpose of digging and completing said aqueduct, and at all times thereafter to enter upon said lands when necessary to repair the same."

This granted to the defendant the right and privilege of laying a line of pipes across the land of the grantors in such direction as was convenient; but, having located the aqueduct, the defendant had not the right afterwards to change the location and carry it across other parts of the land.   Upon this point, the case is governed by *Jennison* v. *Walker*, 11 Gray, 423, and *Chandler* v. *Jamaica Pond Aqueduct*, 125 Mass. 544.

In order to see the effect of this decision upon the rights of the parties, it is necessary to state the facts developed at the trial.   After the deed, and up to 1842, the defendant maintained a four-inch log pipe on the premises, which the defendant then took up, replacing it by a six-inch iron pipe ; in 1853, the defendant took up the six-inch pipe and laid in place of it an eight-inch iron pipe ; in 1864, the defendant laid an earthen pipe in a new ditch, which the presiding judge found was in a position substantially different from the former ; and in 1866 took up said earthen pipe and laid in place of it an eight-inch iron pipe. At various times between November 1, 1880, and the date of the plaintiffs' writ, the defendant entered upon the premises, took up the pipe laid in 1853, widened the trench and laid therein a twelve-inch cement pipe, and dug up and carried away the pipe laid in 1866, filling up the trench in which it had lain.

These acts, committed between November 1, 1880, and the date of the writ, were the trespasses complained of.   The acts of the defendant in 1864 and 1866, in laying and relaying its line of pipes in a location differing from the former one, were tres- passes.   The defendant had no right to lay or maintain them in this location, and therefore it had no right to enter upon the plaintiffs' land and dig it up on this line.   For these acts of tres- pass the defendant is liable in this action, and, as the damages assessed were almost nominal, and as the bill of exceptions does not show that damages were assessed for any other trespasses, the exceptions must be overruled.

But we must not be understood as deciding that the acts of the defendant in increasing the size of its pipes, or in relaying its pipes upon the same line originally adopted, were illegal. The deed does not restrict the size of the pipe.   It would seem to be entirely immaterial to the landowner whether it was four or twelve inches in diameter ; and we are of opinion that the defendant had the right to enlarge its aqueduct to any reasonable extent which would not injure the landowners.   We are also of opinion, that if the defendant in 1864, by inadvertence or mis- take, or under the belief that it had the right to do so, dug a new trench in a line differing from the former one, it did not thereby abandon or lose its easement, but, upon discovering its mistake, might relay its pipes upon the line which by its grant it was entitled to follow.

The defendant asked the court to rule that the only remedy of the plaintiffs was under the St. of 1867, *c.* 73.*   But, as the court found, as a fact, that the defendant did not act under the statute, and did not enter upon and take any land under it, it is clear that the statute has no application in the case.   We need not, therefore, consider the question of its constitutionality, ar- gued by counsel.                              *Exceptions overruled.*

---

* This statute authorized the Haverhill Aqueduct Company to take the waters of certain ponds to supply the inhabitants of Haverhill with water, and to take all lands necessary for laying and maintaining aqueduct pipes. It further provided, that all damages sustained by such taking should be determined in the same manner as in the case of land taken for highways; but contained no provision requiring a description of the land taken to be filed.