## NAUMKEAG STEAM COTTON COMPANY *vs.* AMERICAN GLUE COMPANY.

Suffolk. March 12, 1923. — April 13, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Easement. Deed*, Construction.

The owner of a parcel of low unimproved land lying between two lots of land owned by a manufacturing corporation using water in its plant conveyed to that corporation an easement to "lay and maintain a fresh water pipe for the conduct of water from" one of the defendant's parcels to the other, "and to use for that purpose a strip of land shown by the line upon said plan marked 'line of proposed pipe' . . . said strip to be of the uniform width of five feet in land of parties of the first part. All labor and material put into said location for said purpose shall be at the expense of said corporation without any contribution by said parties of the first part. . . . And likewise the right and easement to lay and maintain in said strip of land, and not less than two feet below the surface of the ground, a conduit of medium-sized diameter for electric wires, for such use as said corporation may see fit." The corporation put in an eight inch water pipe and pumped water from driven wells on one parcel under pressure to its plant on the other parcel. Later, the grantor conveyed his land to another manufacturing corporation that used water. Over fourteen years after the grant of the easement, the pipe needing repairs, the first corporation began repairing it with fourteen inch pipe, and the second corporation sought by a suit in equity to restrain such substitution. A judge who heard the suit found that there was necessity for the repair of the original pipe and need for an increase in its size, and that a fourteen inch pipe in place of the old pipe would not cause the plaintiff any substantial damage, and a decree was entered dismissing the suit. *Held*, that

(1) From the facts that the size of the electric conduit was definitely limited in the deed, while that of the "fresh water pipe" was only restricted in that it must be within the five foot strip, it was a rational inference that the dimensions of the two structures to be laid were in the minds of the parties and that the diameter of the water pipe was not considered material;

(2) The bill properly was dismissed.

BILL IN EQUITY, filed in the Superior Court on October 5, 1922, to enjoin the defendant from entering upon land of the plaintiff, described in the opinion, except for a *bona fide* purpose of repairing an eight inch water pipe therein, and from substituting for the eight inch pipe a fourteen inch pipe.

In the Superior Court, the suit was heard by *Wait*, J., a commissioner having been appointed under Equity Rule 35 to take the evidence. Material evidence and facts found by the judge

are described in the opinion. By order of the judge, a final decree dismissing the bill was entered; and the plaintiff appealed.

C. Bosson, for the plaintiff.

F. Rackemann, (E. H. Talbot with him,) for the defendant.

CROSBY, J. The plaintiff is the owner of a parcel of low, unimproved land lying between two lots of land belonging to the defendant. The plaintiff's land was owned by one Walker and others who, by indenture dated June 23, 1908, conveyed to the defendant an easement to "lay and maintain a fresh water pipe for the conduct of water from" one of the defendant's parcels to the other, "and to use for that purpose a strip of land shown by the line upon said plan marked 'line of proposed pipe' . . . said strip to be of the uniform width of five feet in land of parties of the first part. All labor and material put into said location for said purpose shall be at the expense of said corporation without any contribution by said parties of the first part. 2nd. And likewise the right and easement to lay and maintain in said strip of land, and not less than two feet below the surface of the ground, a conduit of medium-sized diameter for electric wires, for such use as said corporation may see fit." A plan showing the line of the pipe is referred to in the indenture and is duly recorded in the registry of deeds.

Thereafter, during the year 1908, the defendant laid an eight inch iron pipe in the five foot strip, which it has since used for the conduct of water to its manufacturing plant. The water so carried is pumped from driven wells on the defendant's land and forced under pressure through the pipe. In October, 1922, leaks appeared in the pipe necessitating repairs; the trial judge found that "the existing line was in genuine need of repair." For the purpose of making such repairs the defendant entered upon the five foot strip and replaced some of the eight inch pipe with new lengths of fourteen inch, which work, the trial judge found, was done "in a *bona fide* repair of the pipe line then in place." The plaintiff by this bill seeks to restrain the defendant from making any repairs or replacement in the pipe originally laid except by pipe not exceeding eight inches in diameter. Both parties are manufacturers and require water in the conduct of their respective business. The court found that "both need all the water they can get. If the defendant can convey across

the plaintiff's premises only the amount an eight inch pipe can carry, the plaintiff believes the defendant will be compelled to have [leave?] in the ground a larger amount of water subject to rightful acquisition by the plaintiff for its own uses, than will be left there if the defendant can, by increasing the diameter of the pipe, utilize a larger draft on its ground water resources." The court also found that not only was the existing line in need of repair, but there was "actual occasion for an increase in the size of the pipe;" and that no substantial damage will be caused to the plaintiff's land from the temporary deposit there of earth while relaying the pipe, or from the presence of a fourteen inch pipe in place of the present one.

The question of law is whether the defendant can rightfully increase the size of the pipe as it proposes to do, or is restricted to a pipe of the size originally laid.

It is a rule of construction well established that "Where a right of way, or other easement, is granted by deed without fixed and defined limits, the practical location and use of such way or easement by the grantee under his deed, acquiesced in by the grantor at the time of the grant and for a long time subsequent thereto, operate as an assignment of the right, and are deemed to be that which was intended to be conveyed by the deed, and are the same, in legal effect, as if it had been fully described by the terms of the grant." *Bannon* v. *Angier,* 2 Allen, 128. *Jennison* v. *Walker,* 11 Gray, 423. *George* v. *Cox,* 114 Mass. 382. *Dunham* v. *Dodge,* 235 Mass. 367, 371. When the exact location of the easement is not precisely defined but has been exercised in a certain place, the grantee has not the right afterwards to change the location to some other part of the land. *Jennison* v. *Walker, supra. Chandler* v. *Jamaica Pond Aqueduct Corp.,* 125 Mass. 544, 550.

The cases above referred to are not applicable to the facts in the case at bar, but are plainly distinguishable. The easement granted to the defendant was to lay a pipe in a strip definitely located and defined, "said strip .o be of the uniform width of five feet in land of parties of the first part." The size of the pipe which the grantee is authorized to lay and maintain is not specified. The only restriction placed upon the grantee is that the pipe cannot be laid outside the five foot strip. The right

given is to take and convey water from the defendant's land; it is immaterial how much water is taken as it belongs to the defendant. The circumstance that the diameter of the pipe is not prescribed, while in the same instrument the right to lay and maintain in the same strip of land a conduit for electric wires is expressly limited to one of "medium-sized diameter," is significant as showing that the grantor did not intend to limit the size of the pipe. From the fact that the size of the conduit was definitely limited and defined, it is a rational inference that dimensions of the structures to be laid were in the minds of the parties, which leads to the conclusion that the diameter of the pipe was not considered material so long as it was laid within the limits of the strip.

The facts in the case at bar are much stronger in favor of the contention of the defendant than those in *Marsh* v. *Haverhill Aqueduct Co.* 134 Mass. 106. In that case the deed did not prescribe any width within which the pipes were to be located, yet it was held that the grantee might enter upon the land and increase the size of its pipes and relay them upon the line originally adopted. It was there said by Morton, C.J., at page 108: "But we must not be understood as deciding that the acts of the defendant in increasing the size of its pipes, or in relaying its pipes upon the same line originally adopted, were illegal. The deed does not restrict the size of the pipe. It would seem to be entirely immaterial to the landowner whether it was four or twelve inches in diameter; and we are of opinion that the defendant had the right to enlarge its aqueduct to any reasonable extent which would not injure the landowners."

In the present case the judge has found that there was necessity for the repair of the original pipe, and need for an increase in its size, and that a fourteen inch pipe in place of the old pipe would not cause the plaintiff any substantial damage; he accordingly found for the defendant and ordered a decree to be entered dismissing the bill.

So far as cases in other jurisdictions are not in harmony with the conclusion here reached, we do not follow them. The cases decided by this court, cited and relied on by the plaintiff, are distinguishable in their facts from those in the case at bar.

*Decree dismissing bill affirmed with costs.*