BLANCHE SHADE & others *vs.* M. O'KEEFE, INCORPORATED, & another.

Essex. January 26, 1927. — May 27, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Equitable Servitude. Deed,* Construction.

The owner of land upon which were two adjoining, but unconnected, buildings, in the first of which a tenant of the owner conducted a grocery while in the second was a store and a tenement block, in 1902 conveyed

the second building by a deed containing the provision: "The above described premises are conveyed and accepted subject to the following restriction, that a grocery business shall not be carried on in any building which may be erected on said premises.    This restriction shall continue for a period of ninety-nine years and shall be for the benefit of the adjoining property of the grantors."    In 1912 the owner conveyed the first parcel to one who died intestate.    Thereafter a subsequent grantee of the second parcel let it to a corporation which conducted a grocery business thereon.    All parties had notice of the provision above quoted. In a suit in equity by the heirs of the grantee of the first parcel against the corporation lessee and the grantee of the second parcel to enjoin the conducting of the grocery, it was *held*, that

(1) The suit, being against the assignee of the original grantee, could not be maintained unless it clearly appeared from the terms of the deed and the circumstances attending its execution that the restriction touched or concerned the estate of the grantee, was not wholly collateral to it, and imposed and carried with it a grant of an easement or *quasi* easement in the land owned by the defendant grantee for the benefit of the land of the covenantee;

(2) The restriction was in the nature of a collateral easement which could not be annexed to the land; and therefore the suit could not be maintained.

BILL IN EQUITY, filed in the Superior Court on May 10, 1926, and afterwards amended, to enjoin the defendant M. O'Keefe, Incorporated, from conducting a grocery on store premises, owned by the defendant Mary J. Clancy and adjacent to property of the plaintiff, in alleged violation of a provision of a deed to the defendant Clancy from a common grantor of the parties.

The defendants demurred.    The demurrer was heard by *Quinn*, J., and was sustained, and a final decree was entered dismissing the bill.    The plaintiffs appealed.

*R. C. Davis*, for the plaintiffs.

*E. Field*, (*L. Brown & T. C. Walsh* with him,) for the defendants.

PIERCE, J.    This is an appeal from interlocutory and final decrees dismissing the plaintiffs' amended bill after demurrers by both defendants had been sustained.

Before 1902, Isaac Patch and Harriett Woodbury owned certain real estate in Gloucester, Massachusetts, upon which were two buildings adjoining each other but not connected. In one, for a long time there were store premises and a grocery store therein was being conducted by a tenant of

Patch and Woodbury. In the other, there was a store and a tenement above. In February, 1902, Isaac Patch and Harriett Woodbury conveyed the land upon which the second described building was to Austin E. Martin. This deed is recorded in the Essex South District Registry, in Book 1671, Page 235. These premises through mesne conveyances are now owned by the defendant Mary J. Clancy. The deed of Patch and Woodbury to Martin contained a condition or restriction as to the use of the premises conveyed as follows: "The above described premises are conveyed and accepted subject to the following restriction, that a grocery business shall not be carried on in any building which may be erected on said premises. This restriction shall continue for a period of ninety-nine years and shall be for the benefit of the adjoining property of the grantors." On September 5, 1912, Patch and Woodbury conveyed the remaining portion of their land to Archibald Fenton. Fenton died intestate, and the plaintiffs are his heirs at law, and are the present owners of the land adjoining the defendant Clancy's land and the land for whose benefit the restrictions were imposed. The defendant M. O'Keefe, Incorporated, is a tenant of the defendant Clancy and is conducting a grocery business in a building on the restricted land. Both defendants were given actual notice of the restriction. The premises were leased by Clancy to M. O'Keefe, Incorporated, to carry on a grocery business, and were and are used for that purpose.

The acceptance of the deed containing a stipulation by words of restriction imposed an implied contract on Martin, which was enforceable as between him and his grantors at law for damages, or in equity to restrain its breach without showing actual damages. *Parish* v. *Whitney*, 3 Gray, 516. *Maine* v. *Cumston*, 98 Mass. 317, 320. *Kennedy* v. *Owen*, 136 Mass. 199, 203. *Whittenton Manuf. Co.* v. *Staples*, 164 Mass. 319, 328. An action cannot be maintained against an assignee of the promisor or in the name of an assignee of the promisee. *Martin* v. *Drinan*, 128 Mass. 515.

The present suit against the assignee of the original grantee cannot be maintained unless it clearly appears from the terms of the deed and the circumstances attending its execution

that the restriction touches or concerns the estate of the grantee, is not wholly collateral to it, and imposes and carries with it a grant of an easement or *quasi* easement in the land owned by the defendant Clancy, for the benefit of the land of the covenantee. *Hurd* v. *Curtis*, 19 Pick. 459. *Bronson* v. *Coffin*, 108 Mass. 175. *King* v. *Wight*, 155 Mass. 444. *Clapp* v. *Wilder*, 176 Mass. 332. *Tardy* v. *Creasy*, 81 Va. 553. It is not sufficient that the deed of the original grantee in direct terms states that the restriction "shall be for the benefit of the adjoining property of the grantors." There must be the further fact, if the covenant be valid between the parties, that it shall be "of a kind which the law permits to be attached to land in such a sense as to restrict the use of one parcel in all hands for the benefit of whoever may hold the other, whatever the principle invoked. For equity will no more enforce every restriction that can be devised, than the common law will recognize as creating an easement every grant purporting to limit the use of land in favor of other land." *Norcross* v. *James*, 140 Mass. 188, 191, 192. *Hill* v. *Tupper*, 2 H. & C. 121. The implied promise of the grantee not to carry on a grocery business in any building which may be erected on said premises, like the covenant in *Norcross* v. *James, supra*, does not make the use or occupation of the land more convenient. It does not in any way affect the use or occupation. It simply tends to increase its value by excluding a competition from the market operated or to be operated on the retained land. In a word, the restriction is in the nature of a collateral easement which cannot be annexed to the land. This case in principle cannot be distinguished from *Norcross* v. *James, supra*, and is governed by it.

*Bill dismissed.*