BARNEY SHEFF & another vs. THE CANDY BOX INC. & another.

Suffolk.     December 1, 2, 1930. — January 30, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Landlord and Tenant*, Construction of lease, Restriction in lease for benefit of other tenants, Recording of lease. *Notice. Equity Pleading and Practice*, Master: findings.

A lease to a woman of a store in a building, which was recorded in the registry of deeds, provided that the lessee might assign or sublet the store "to any one engaged in a similar business, or in any other line of business that does not conflict with any other tenants of the lessors in this building at the time of sub-letting. . . . The lessors agree not to rent any of their other stores in this building to a business similar to the one conducted by the lessee or the lessee's sub-tenants. . . . The Lessors will not consider offensive any odors that might arise from the lessee's business, namely; manufacturing candy." The woman, at the time she received the lease, contemplated forming a corporation to carry on the candy business. The corporation was organized several weeks later, the woman becoming president, manager and a stockholder thereof. She then sublet the store to it, and as its manager subsequently carried on in the store, in addition to the candy business, a delicatessen business which conflicted with a similar business carried on by a tenant of another store in the building, whose lease, containing an agreement by the lessors not to rent any other store in the building for a business similar to that of the lessee, had been executed and recorded in the registry more than a year previous to the woman's lease. In a suit in equity thereafter commenced by successors in title to the lessors against the woman and the corporation to enjoin the carrying on of the delicatessen business, it was *held*, that

(1) Although the provisions of the woman's lease above quoted did not in terms limit her use of the store as lessee to the carrying on of the candy business, those provisions, construed in the light of the circumstances surrounding the execution of the lease, were ambiguous;

(2) The specification in such lease of the business of the lessee as the manufacture of candy in the clause with reference to odors was inserted in part to define the limitation upon the lessors' power to lease other stores and to explain the word "similar" in the clause defining the lessee's power to sublet; and the "time of sub-letting" was also used with reference to the subletting contemplated by both lessors and lessee at the time of the giving of the lease, that is, the subletting to the new corporation;

(3) The woman, by reason of the recording of the lease to the other tenant in the registry of deeds, had notice of and was bound by the provision in that lease;

(4) The woman was bound not to sublet nor to use the store for a business competing with that carried on by the other tenant;

(5) Both defendants should be enjoined from carrying on the delicatessen business so long as a similar business was carried on in the building by the then lessees therein or their assignees.

A finding by a master who heard the suit in equity above described, that the woman "did not herself use or occupy the demised premises from the date of said lease until February 17 . . . except as an officer of said defendant corporation . . ." could not properly be interpreted as a finding that after February 17 she personally possessed and occupied, since the report of the master filed May 21 stated that the corporation still was carrying on the business on the premises, and the woman by her answer asserted that the corporation was occupying under the lease as the true lessee.

BILL IN EQUITY, filed in the Superior Court on December 9, 1929.

The suit was referred to a master. The bill and material findings are described in the opinion. By order of *Bishop*, J., there were entered an interlocutory decree confirming the master's report and the final decree described in the opinion. The defendant Cohen appealed from the final decree.

*S. R. Cutler*, (*H. M. Pakulski* with him,) for the defendant Cohen.

*P. D. Turner*, for the plaintiffs.

WAIT, J. The defendant Ida Cohen appeals from a final decree which enjoined her and her codefendant, The Candy Box Inc., "from conducting and/or operating on the premises numbered 442 and 444 Blue Hill Avenue, Boston, a restaurant, lunchroom or eating place or to sell or to offer for sale any pastry to be eaten upon the premises." In argument before us she admitted that the decree was proper so far as it affected The Candy Box Inc.; but she contends that it is erroneous as to herself. She is the manager, an officer and a stockholder of The Candy Box Inc.

The master in his report, to which no exceptions were taken, finds that the plaintiffs are the owners of a one-story building containing seven stores numbered 442 to 454, inclusive, Blue Hill Avenue, and the holders by assignment of the lessor's interest in a lease of the store

premises 442 and 444 given by their predecessors in title to Ida Cohen, and in another lease by the same lessors of the store premises numbered 452 and 454 to Grove Hall Kosher Delicatessen & Lunch, Inc. Their title is subject to both leases. The latter was given in January of 1928, for a term of nine years from February 1, 1928, and was recorded with Suffolk deeds on January 26, 1928. The former bears date April 24, 1929, is for a term of five years from May 1, 1929, with a privilege of renewal for a further term of five years, and was recorded June 1, 1929.

The lease to Ida Cohen provides that " It is hereby agreed that the lessee shall have the right to assign or sublet the whole or part of these premises to any one engaged in a similar business, or in any other line of business that does not conflict with any other tenants of the lessors in this building at the time of sub-letting . . . . The lessors agree not to rent any of their other stores in this building to a business similar to the one conducted by the lessee or the lessee's sub-tenants, meaning building containing stores numbered 442–454 Blue Hill Avenue, Roxbury . . . . The Lessors will not consider offensive any odors that might arise from the lessee's business, namely; manufacturing candy."

Just prior to the execution of this lease, a corporation, The Candy Box Inc., had been carrying on the business of manufacturing and selling candy in premises numbered 442 and 444. It had been managed by Ida Cohen's brother, one Shir, and had become bankrupt. A receiver for that corporation desired to wind up its business and to carry on the store for that purpose. On April 24 Ida Cohen, then intending to form a new corporation, The Candy Box Inc., obtained the lease here in question. By written agreement with her lessors made by her on the same day it was arranged that the receiver of the then The Candy Box Inc. might remain, Ida Cohen paying the rent and the lessors agreeing to remit to her all moneys collected for rent from the receiver by the lessors for the time the receiver occupied the premises. The receiver relinquished possession about June 7, 1929. A new corporation, The

Candy Box Inc., whose agreement of association was dated June 8, was organized. It received its charter June 14, 1929. Shir guaranteed the lease on April 24, 1929. Ida Cohen became president of the present The Candy Box Inc., and owner of nineteen of its forty shares of capital stock. On April 24, the Grove Hall Kosher Delicatessen & Lunch, Inc., was doing a restaurant, cafeteria and delicatessen business in the stores 452 and 454; and its lease, containing the lessors' agreement not to let other stores in the building to a competing business, was on record. Up to June 7 no business except the manufacture and sale of candy had been carried on by Ida Cohen or any one connected with her in the stores 442 and 444. On or about June 7, 1929, Ida Cohen sublet to The Candy Box Inc.; and, as manager of that new corporation, she subsequently carried on a business there which in addition to manufacturing and selling candy, supplied foods in the form of sandwiches, pastry, cakes and pies, to persons who ate in the store. By signs in the windows it announced the supply of " High Quality Ice Cream & Luncheonette." The charter authorized the conduct of a catering business. The premises are fitted up with booths and tables. The business does conflict with the business carried on in stores numbered 452 and 454. The master found that " Ida Cohen did not herself use or occupy the demised premises from the date of said lease until February 17, 1930, except as an officer of said defendant corporation, The Candy Box Inc." We are unable to interpret this as a finding that after February 17, 1930, she has personally possessed and occupied, because the report filed May 21, 1930, states that the corporation still is carrying on the business on the premises, and Ida Cohen, by her answer, asserts that the corporation is occupying under the lease as the true lessee. No appeal having been taken by the plaintiff, we do not consider the propriety of certain rulings excluding evidence which properly is stated in the report; and we disregard that evidence.

Upon its face and in so many words the lease does not limit the use of the premises by Ida Cohen, the lessee, to

the manufacture and sale of candy. The limitations expressed in definite language bind the lessors and the assigns or sublessees of Ida Cohen. Were we to resort to the strictness of pleading and hold Ida Cohen bound by her answer, G. L. c. 231, § 87, she must here be treated as limited; because she asserts that in all she did in securing and taking the lease, she was known to be acting and did act for the corporation now her codefendant, which she admits is properly enjoined by the decree. She sublet to that corporation intending to be treated as one with that corporation which she knew if she sublet to it was to be forbidden to conduct a business conflicting with that carried on in stores 452 and 454 in the lessors' building. We prefer to put our decision on broader grounds. We have a right to read the lease in the light of the circumstances of its execution. *Salisbury* v. *Andrews*, 19 Pick. 250. We cannot thereby change its words, but we are enabled to see that those words are really ambiguous. The specification of the business of the lessee as the manufacture of candy in the clause with reference to odors is inserted in part, we think, to define the limitation upon the lessors' power to lease other stores; and to explain the word " similar " in the clause defining the lessee's power to sublet. The " time of sub-letting " was also, we think, used with reference to the subletting contemplated on April 24, 1929, by both lessors and lessee, — the subletting to the new corporation designed to go on with the business previously conducted by the corporation then in the hands of a receiver.

*Shade* v. *M. O'Keefe, Inc.* 260 Mass. 180, is not controlling here. There a conveyance in fee was dealt with. Here leases of stores for business purposes are in question; and provisions in recorded leases in regard to the uses of the various stores, designed for mutual benefit by restraining competing businesses in a group of seven stores in one building, come well within the reasons which have led courts to hold that certain restrictions run with the land; and are binding on persons with notice of them, even though the notice be that constructive notice created

by record in a registry of deeds.  *Parker* v. *Nightingale,*
6 Allen, 341.

In the case before us this defendant was bound not to
sublet nor to use the premises for a business competing
with that carried on in the stores at 452 and 454.  There
was no error in restraining the defendants; but inasmuch
as changes in the business carried on in the stores num-
bered 452 and 454 may take place, the injunction should
be limited in time and should continue in force only so
long as a restaurant, lunch room or eating place is carried
on in stores now numbered 452 and 454 Blue Hill Avenue
by the present lessees or their assigns.  As so modified,
and with the statement of the amount of costs which, as
against Ida Cohen, should include the cost of this appeal,
the decree is affirmed.

*Ordered accordingly.*