·HAROLD O. DURGIN, executor, & another, *vs.* WINIFRED L. ALLEN & another.

Essex. January 4, 1949. — April 6, 1949.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Contract,* For support, What constitutes, Consideration.

A daughter, by accepting a deed of her mother conveying real estate to her, reserving a life estate to the mother, and also executed by her father in release to her of "all rights of tenancy by the curtesy and other interests therein," became bound to the father for good consideration by a provision in the deed, stated therein to be "a further consideration for this conveyance," that she "agrees to care for" him "during his lifetime, and to provide him with all the necessaries of life and to keep him in the manner in which he has formerly lived"; and she was not relieved from such obligation when the mother and father, with whom the daughter and her husband had undertaken joint residence conformably to an arrangement made when the deed was executed, for no ascertainable cause left the joint household.

In a suit to enforce a contract by a daughter "to care for" her father "during his lifetime, and to provide him with all the necessaries of life and to keep him in the manner in which he has formerly lived," a final decree adjudging erroneously that the daughter had been relieved of any contractual obligation toward her father was reversed, but, because of insufficiency of the record, the case was remanded for further hearing as to such contract.

BILL IN EQUITY, filed in the Superior Court on April 11, 1947.

The suit was heard by *Brogna,* J.

*A. R. Linscott,* for the plaintiffs.

No argument nor brief for the defendants.

WILKINS, J. This bill in equity, originally brought by Addie C. Durgin and her husband, the plaintiff William

Durgin, against their daughter, the defendant Winifred L. Allen, and her husband, the defendant Elburn M. Allen, seeks cancellation of a deed to real estate and reconveyance of the property. There is a prayer that the defendants be enjoined from continuing to use the premises and that they be ordered to vacate them. By the deed, dated May 7, 1946, and duly recorded, Addie C. Durgin conveyed to the defendant Winifred L. Allen certain described real estate in Swampscott on which was a cottage long occupied by the grantor and her husband. The deed concludes: "Reserving to myself an estate for and during my natural life, together with the income, rents, and profits therefrom. As a further consideration for this conveyance, the grantee agrees to care for the husband of the grantor, William Durgin, during his lifetime, and to provide him with all the necessaries of life and to keep him in the manner in which he has formerly lived. Nominal consideration. I, William Durgin, husband of said grantor, release to said grantee all rights of tenancy by the curtesy and other interests therein." The deed is signed by Addie C. Durgin and William Durgin, and is acknowledged by Addie C. Durgin.

The bill sets forth that the consideration for the execution of the deed by Addie C. Durgin was a promise by the defendant Winifred L. Allen to furnish Addie C. Durgin as long as she should live "with all reasonable necessaries and conveniences of life and to see to it that she was provided with proper support and care. The consideration for the execution of the deed by the plaintiff, William Durgin, was that expressly set forth in the instrument itself." There are allegations that the four parties lived together in the house from shortly before the execution of the deed until December 16, 1946, when Addie C. Durgin and her husband moved elsewhere; that the defendant Winifred L. Allen failed to perform her obligation as to support and care; and that there have been a failure of consideration and an unjust enrichment of the defendants.

The case was heard by a judge, who made a report of the material facts found by him. G. L. (Ter. Ed.) c. 214,

§ 23, as appearing in St. 1947, c. 365, § 2. The evidence is not reported. Following the entry of a final decree, from which Addie C. Durgin and the plaintiff William Durgin appealed, Addie C. Durgin died, and Harold O. Durgin was appointed executor of her will. He then appeared in this suit and assumed its prosecution. We need not pass upon a motion of the plaintiffs to add to the record the fact that on December 20, 1948, the plaintiff William Durgin filed in the Probate Court a waiver of the will of Addie C. Durgin and a claim of curtesy under G. L. (Ter. Ed.) c. 189, § 1.

The final decree, entered September 7, 1948, adjudged (1) that the "defendants" had been relieved of any contractual obligation toward the then plaintiffs for their care and support; (2) that the deed was a valid conveyance, and Addie C. Durgin had a life estate and the defendant Winifred L. Allen a remainder in the property; (3) that the defendants owed Addie C. Durgin $774 rent from January 1, 1947, to July 1, 1948; (4) that Addie C. Durgin was entitled to possession on November 1, 1948; and (5) that the defendants should vacate the premises on or before November 1, 1948, and should pay her rent at $43 a month from July 1, 1948, to November 1, 1948. The last provisions were based on the housing shortage.

The judge found that in the spring of 1946 Addie C. Durgin "told the daughter that if her family would come to live with her and the father and take care of them and help to support them until they died she would give the property to her. The defendants agreed to it, and thereupon in May, 1946, gave up their home and moved in with the plaintiffs." The mother then retained an attorney to draw the deed. The attorney advised the mother, as a protection for her in the event that the arrangement did not work out satisfactorily, to reserve a life estate, and a deed with such a reservation was executed, delivered, and recorded. The parties lived together until November, 1946, "when through no definite cause or substantial fault of either party, living together in one household became gradually intolerable."

Addie C. Durgin and her husband went to reside with their eldest son. The "defendants" have not since contributed to their care or support, and have continued to occupy the house without paying for its occupation. The "defendants" have been ready and willing to carry out their part of the agreement, but the feeling has been such that reconciliation has been impossible. "I do not find that the plaintiffs were not properly treated, nor that they were insufficiently provided for while living with the defendants. I am unable to find the real cause of the discord. It is not due to any definite act or omission. It may have been engendered by the sons or other relatives . . . .. Neither [the plaintiffs nor the defendants] had contemplated that care and support were to be furnished anywhere except as members of a single family unit at 99 Burpee Road. I find that when the mother retained the life estate she materially changed the offer she had made to the daughter and I find that they continued to live together not because of any contractual obligation for care and support but because of their relationship. I therefore find and rule that the daughter had been relieved of any contractual obligation toward the plaintiffs."

The sentence last quoted from the judge's findings imports that the conclusion stated is permissible as matter of law and is found as matter of fact. *Roney's Case,* 316 Mass. 732, 734. *Hummer's Case,* 317 Mass. 617, 624. *Demetre's Case,* 322 Mass. 95, 96. This was error, at least in so far as it concerns the plaintiff William Durgin. The plaintiffs, because of the death of Addie C. Durgin, do not ask us to make an analysis of her rights, and state in their brief that they do not argue that the deed is invalid. Accordingly, we omit consideration of such questions. But the plaintiff William Durgin's contract was contained in the deed, and could not have been impaired by the reservation of the life estate. His release of "all rights of tenancy by the curtesy and other interests" was a good consideration for a promise of care and support. See *Doyle* v. *American Fire Ins. Co.* 181 Mass. 139, 142. See also *Bullard* v. *Briggs,* 7 Pick. 533,

541; *Holmes* v. *Winchester*, 133 Mass. 140, 141; *Nichols* v. *Nichols*, 136 Mass. 256, 258; *Flynn* v. *Flynn*, 171 Mass. 312, 313–314. The defendant Winifred L. Allen by accepting the deed made it the mutual contract of the parties and so became bound to perform the promises therein recited to be performed by her. *Newell* v. *Hill*, 2 Met. 180, 181. *Maine* v. *Cumston*, 98 Mass. 317, 319–320. *Locke* v. *Homer*, 131 Mass. 93, 102. *Hathaway* v. *Hathaway*, 159 Mass. 584, 585. *Plimpton* v. *New York, New Haven & Hartford Railroad*, 221 Mass. 548, 550. *Shade* v. *M. O'Keefe, Inc.* 260 Mass. 180, 182. Restatement: Contracts, §§ 70, 107. Williston, Contracts (Rev. ed.) §§ 90A, 214. The final decree, however, at one and the same time adjudges the deed as a whole to be valid, and exonerates the defendant Winifred L. Allen, the grantee, from performance under that part of the deed which contains the obligation of care and support running to the plaintiff William Durgin. This, too, was erroneous.

The plaintiffs argue that there has been a breach of the contract with the plaintiff William Durgin, and that he has a choice of remedies: (1) damages (citing *Amos* v. *Oakley*, 131 Mass. 413, *Parker* v. *Russell*, 133 Mass. 74, and *Soderlund* v. *Helman*, 215 Mass. 542) or (2) specific restitution (citing *Harvey* v. *Crooker*, 267 Mass. 279, and *De Angelis* v. *Palladino*, 318 Mass. 251). See *Rayner* v. *McCabe*, 319 Mass. 311, 314, and authorities cited. We are not sure that there are any findings with respect to his contract. If so, they were not made in accordance with the principles herein set forth. The case must be heard again in so far as it concerns him. The findings as to payments to be made to Addie C. Durgin are to stand.

The final decree is reversed with costs, and the case is to stand for hearing in conformity with this opinion.

*So ordered.*