MARY A. AKASU *vs.* WALTER B. POWER, JUNIOR.

Essex.    November 10, 1949. — March 10, 1950.

Present: QUA, C.J., LUMMUS, RONAN, & WILKINS, JJ.

*Easement*, Termination.  *Real Property*, Condition subsequent, Covenant running with the land.  *Way*, Private: extinguishment.  *Deed*, Deed poll.  *Contract*, Implied.  *Adverse Possession and Prescription.  Equity Pleading and Practice*, Report of material facts.

Acceptance of a deed poll, granting a parcel of land with a right of way over a strip of the grantor's remaining land "on the condition that said grantees and their heirs and assigns shall pay to" the grantor and his "heirs and assigns" a certain sum annually "during the time that they shall use" the strip, implied a promise by the grantees to make such payments if they used it but did not create a covenant to that effect running with the granted parcel.

A right of way, granted in a strip of land "on the condition that" the grantee and his successors "pay to" the grantor and his successors a certain sum annually "during the time that they shall use" the strip, was on a condition subsequent which was broken by failure of successors of the grantee to make such payments.

An owner of land in possession, whose predecessor in title had subjected a strip of the land to a right of way granted on a condition subsequent that certain payments should be made for its use, upon breach of the condition through failure to make such payments, extinguished the right of way, without formal entry, by notifying a successor in title of the grantee of the right of way that further use of the strip by him would not be permitted and by placing a barrier across it to prevent its use.

A right of way appurtenant to a defendant's land over a strip of the plaintiff's land was not established by prescription where it appeared that such a right of way had been created by grant on a condition subsequent that certain payments be made for its use, that its use continued after breach of the condition through cessation of the payments, and that less than twenty years after they ceased the plaintiff took action to prevent further use of the strip by the defendant.

There was no merit in an exception to a refusal by a judge to make a report of material facts on appeal from a final decree in a suit in equity where it appeared that he had ordered the entry of the final decree solely on the report of a master.

BILL IN EQUITY, filed in the Superior Court on October 7, 1946.

A master's report was confirmed by interlocutory decree. By order of *Sullivan*, J., a final decree was entered from which the defendant appealed. The defendant requested that the judge "report his findings of material facts." This request was denied by the judge with the statement that "no evidence was introduced, and in the entry of the final decree I adopted the facts as found by the master." There was a bill of exceptions by the defendant to such denial.

*C. M. Crowell*, for the defendant.

*P. Strome & A. R. Pitcoff*, for the plaintiff, submitted a brief.

RONAN, J. This is an appeal by the defendant from a decree enjoining him from using a right of way over land of the plaintiff on the ground that the right to use the way has terminated.

The facts appear in the report of a master. Joseph Wormstead, a former owner of the lots now owned by the plaintiff and the defendant, respectively, conveyed in 1888 a lot back southwesterly from State Street in Marblehead, hereinafter called the garage lot, to Rogers and Ware, together with "a right of way in a passage way ten feet wide leading from the granted premises over my other land to State Street, but the right to use said passage way is on the condition that said grantees and their heirs and assigns shall pay to me and my heirs and assigns the sum of fifteen dollars annually, during the time that they shall use the said passage way." By mesne conveyances Rebecca B. Nichols became the owner of the garage lot in 1918. One King, who in 1926 became the owner of the property numbered 11 State Street which extended to the garage lot, conveyed the lot adjacent to the rear of the land now owned by the plaintiff and extending to the front of the garage lot to Nichols in 1928. The deed, after describing the lot by metes and bounds, stated, "This deed is given as an addition to the lot now known as the 'Garage Lot' as for a part and parcel of said lot, and is entitled to all the privileges and appurtenances of

said 'Garage Lot' as a whole lot." Nichols also purchased three other neighboring lots, known as the Clark, Dennis, and Coffin lots. Salkins, the conservator of Nichols, sold these five lots as one parcel to the defendant on July 16, 1945. The deed described the boundary along the southeast side of the plaintiff's premises as "Northwesterly by land formerly of said Wormstead and a way ten feet wide leading from the granted premises to State Street," and the deed also included the right of way in these words, "Together with the right to use said ten-foot way to State Street . . . ."

Joseph S. Wormstead, a son of the original grantor Joseph Wormstead, acquired the property now owned by the plaintiff together with the lot in the rear, and sold these premises to King in 1926. The right of way was referred to in the deed to King in these words: "Premises are conveyed subject to a right of way in a passage way ten feet wide across the granted premises to land formerly of Rogers and Ware." King conveyed the lot adjacent to the rear of the lot now owned by the plaintiff to Nichols as already stated. Joseph S. Wormstead reacquired the front portion of the King premises, which is the lot now owned by the plaintiff and known as 11 State Street, in May, 1933, and the trustee under his will conveyed these premises to the plaintiff on November 24, 1944. Her deed contained no specific mention of any right of way.

There is a well defined way ten feet wide extending along the southeasterly boundary of the plaintiff's lot from State Street to the garage lot. This way is the main entrance to this lot. There is another way in the rear of this lot extending to Front Street and still another way leading from State Street over other property owned by the defendant, but this last mentioned way is not so convenient to use as the way now in question. A public garage was erected on the garage lot in 1915, and the way over the land now owned by the plaintiff has since been used continuously by vehicles and pedestrians travelling to and from State Street and the garage. Payments for the use of this way were

made by the owners of the garage lot to the plaintiff's predecessors in title until 1926, when such payments stopped, and none has since been demanded or paid.

The plaintiff, who occupied her premises for ten years prior to the time she became the owner, knew that the owner of the garage lot was using the right of way, but she never gave any thought to whether such use was under a claim of right or otherwise until the defendant, while negotiating for the purchase of the garage lot, learned of the rental provision, and the plaintiff, when approached in behalf of the defendant, stated that she did not desire any rental but wanted the way closed. During the summer of 1945 she placed a barrier consisting of a board upon two horses across the way. This was removed by the defendant. On November 3, 1945, the defendant made a tender of $15 for the annual rental for the use of the way, which the plaintiff refused to accept.

The deed from Wormstead to Rogers and Ware conveyed as appurtenant to the garage lot a right of way over other land of Wormstead to State Street, *Mendell* v. *Delano,* 7 Met. 176, *George* v. *Cox,* 114 Mass. 382, *Brooks* v. *West Boston Gas Co.* 260 Mass. 407, *Goldman* v. *Shulkin,* 320 Mass. 161, 165; but the right granted in the way was "on the condition" that the grantees, their heirs and assigns should pay the stipulated rental for the actual use of the way, and the acceptance by Rogers and Ware of the deed poll implied a promise by them to pay compensation if they made use of the way. *Shade* v. *M. O'Keefe, Inc.* 260 Mass. 180, 182. *Durgin* v. *Allen,* 324 Mass. 157, 161. They did not, however, sign any sealed instrument, and the obligation which they assumed to pay was not a covenant running with their land. *Maine* v. *Cumston,* 98 Mass. 317. *Martin* v. *Drinan,* 128 Mass. 515. *Kennedy* v. *Owen,* 136 Mass. 199. *Thayer-Foss Co.* v. *Woburn,* 269 Mass. 186, 190.

The plaintiff took title to her land subject to whatever right the assigns of Rogers and Ware had to use the way which was located thereon, but they were not entitled to use the way without payment. They could not divorce the

obligation to pay from the privilege to use. The defendant had no greater right in the use of the way as against the plaintiff than Rogers and Ware, the original grantees, had as against Wormstead, the original grantor. An easement may be granted which will terminate upon the happening of some particular act or upon the nonperformance of a condition subsequent, *Bennett* v. *Newell*, 266 Mass. 127, *Hill* v. *Taylor*, 296 Mass. 107, *Goldman* v. *Shulkin*, 320 Mass. 161, 154 A. L. R. 5, note; and the owner of the servient estate whose land has been subjected to an easement by a predecessor in title has the right to challenge the validity, extent or existence of the easement. Indeed, this right appears to be so obvious that it is ordinarily assumed without question in actions brought by the owner of the servient estate. See *Jennison* v. *Walker*, 11 Gray, 423; *Marsh* v. *Haverhill Aqueduct Co.* 134 Mass. 106; *Gray* v. *Cambridge*, 189 Mass. 405; *Naumkeag Steam Cotton Co.* v. *American Glue Co.* 244 Mass. 506; *Pease* v. *Parsons*, 273 Mass. 111; *Swensen* v. *Marino*, 306 Mass. 582; *Hewitt* v. *Perry*, 309 Mass. 100; 28 C. J. S., Easements, § 56.

Failure to pay constituted a breach of condition. The defendant contends that the plaintiff had no power to enter and extinguish his right to use the way. The plaintiff was already in possession of the locus of the way. A grantor, who conveys an estate upon condition subsequent but remains in possession, need not make a formal entry for the condition broken, and the fee remains in him without entry. *Lincoln & Kennebeck Bank* v. *Drummond*, 5 Mass. 321. *Henneky* v. *Stark*, 128 N. Y. Sup. 761. *Pruitt* v. *Shafer*, 137 Va. 658. Tiffany, Real Property (3d ed.) § 211. The owner in possession of the land which is subject to an easement granted upon a condition subsequent may extinguish the easement for a breach of condition. "It would be a singular rule of law which would forever prevent the owner in fee of lands from questioning the right of another to maintain an easement upon his land, when there existed a violation of the express condition upon which the easement was granted. No such rule exists." *Pinkum* v. *Eau Claire*,

81 Wis. 301, 309. *Stevens* v. *Galveston, Harrisburg & San Antonio Railway*, 169 S. W. 644 (Tex. Civ. App.). *Reichenbach* v. *Washington Short Line Railway*, 10 Wash. 357. The plaintiff notified the defendant before he purchased the garage lot that she would not permit him to use the way, and she subsequently placed a barrier across the way to prevent him and his customers from travelling over the way, which he removed, and he continued to use the way. Such formal action on the plaintiff's part constituted appropriate and sufficient means to extinguish the easement, if we assume in favor of the defendant that such action by her was necessary. *Brayden* v. *New York, New Haven & Hartford Railroad*, 172 Mass. 225. *Gadreault* v. *Hillman*, 317 Mass. 656.

The defendant, by virtue of the conveyance by King to Nichols of the lot in the rear of the lot now owned by the plaintiff, did not acquire a right of way over the plaintiff's land without any obligation to pay rent for the use of the way. The right of way included in this conveyance was no different from, or was not in addition to, the right granted in 1888 to Rogers and Ware as appurtenant to the garage lot in so far as the way over the plaintiff's land is concerned. We see no reason to disagree with the finding of the master that Nichols acquired no rights in the way by the conveyance to her of the Clark, Dennis, and Coffin lots.

The finding of the master that the plaintiff was not guilty of laches is consistent with the other subsidiary findings and is not shown to be wrong. As soon as the plaintiff was apprized of the provisions, she immediately insisted upon closing the way.

The master properly found that the defendant had not acquired any right of way by prescription, for it cannot be successfully contended by the defendant that there was an uninterrupted use for a period of twenty years even if we disregard the tender made by the defendant in 1945 of payment for the use of the way. *White* v. *Chapin*, 12 Allen, 516, 521–522. *Truc* v. *Field*, 269 Mass. 524, 529.

Waiver was not pleaded, and no issue with respect thereto

was presented or heard by the master. *Nashua River Paper Co.* v. *Lindsay*, 242 Mass. 206, 208. We do not intimate that there is anything in this contention, made for the first time in this court; it is now too late to raise it. *Tompkins* v. *Sullivan*, 313 Mass. 459, 463.

The suit was heard in the Superior Court solely upon the report of the master. The judge made no findings of fact. There is no merit in the exception to the refusal of the judge to make a report of material facts.

The final decree is affirmed with costs, and the exceptions are overruled.

*So ordered.*