711 So.2d 1189 (1998)
SEARS, ROEBUCK AND CO., a New York corporation, Appellant,
v.
FRANCHISE FINANCE CORPORATION OF AMERICA, a Delaware corporation, as successor by merger to FFCA/IIP 1986 Property Company, Appellee.
No. 97-02790.
District Court of Appeal of Florida, Second District.
April 24, 1998.
Rehearing Denied June 1, 1998.
Ronald S. Holliday and Mercedes G. Hale of Rudnick & Wolfe, Tampa, for Appellant.
*1190 James V. Lau of Lau, Lane, Pieper, Conley & McCreadie, P.A., Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant, Sears, Roebuck and Company (Sears), challenges a final summary judgment that declared a condition in a nonexclusive easement unenforceable and void. We reverse.
Sears owns real property (Sears Parcel) in Manatee County on which it operates a retail store. Bradenton Mall Associates (Developer) owns a retail shopping center (Developer Parcel) adjacent to the Sears Parcel. Sears and the Developer, because their parcels were adjacent and their parking areas were accessible each to the other, operated their respective parcels under a joint Operating Agreement. Southern Homes Park, Inc. (Southern), a corporate affiliate of the Developer, owned an "outparcel" adjacent to the Sears and Developer Parcels but not commercially accessible except through the Sears Parcel parking area.
In 1987, Southern contracted to sell the "outparcel" to Suncoast Rax, Inc. (Suncoast), which proposed to build and operate a fast food restaurant on the property. The Southern/Suncoast sale and purchase was conditioned upon Southern acquiring an ingress and egress easement to the "outparcel" over a portion of the Sears Parcel parking area. Simultaneously with the Southern/Suncoast contract, Suncoast contracted to sell the "outparcel," including any easement acquired, to appellee, Franchise Finance Corporation of America (F.F.C.A.), and F.F.C.A. agreed to lease back to Suncoast, pursuant to a long-term lease, the "outparcel" and easement. Developer, then, on behalf of Southern, its corporate affiliate, contacted Sears in an effort to negotiate the easement necessary to effectuate the Southern/Suncoast sale. In order to provide for the easement and in further facilitation of their existing joint Operating Agreement, Developer and Sears further agreed that Sears would, among other things, grant the proposed easement to Suncoast, and the Developer would, in consideration of Sears' undertakings, in addition to "sweeping" the Developer's Parcel parking area also "sweep" the entire Sears Parcel parking area, including the easement parcel. On August 7, 1987, the various negotiations and the conditions precedent to the performance of the various contracts having been successfully concluded, Southern conveyed the "outparcel" to Suncoast and Sears granted a nonexclusive easement over and across a portion of the Sears Parcel parking area to Suncoast and its successors. The easement contained the following provisions:
The rights granted herein shall be perpetual, but shall expire in the event that:
....
(iii) Developer, as defined in that instrument recorded in O.R. Book 556, Page 315, of Manatee County Official Records, as the same may have been or may be amended from time to time, its successors or assigns, shall fail to sweep that portion of Grantor's parcel devoted to customer parking and which includes the Easement Parcel ("Parking Parcel") as shown in yellow on Exhibit C hereto. Grantor, its employees, agents or contractors shall upon written notice to both Developer and Grantee, have the right, at its cost and expense, to sweep the Parking Parcel. In the event that after notice Developer and/or Grantee fails to or refuses to cure, Grantor shall have the right to terminate the easements granted herein by filing a Notice of Termination of Easement in the Public Records of Manatee County, Florida, thirty (30) days, after written notice to both Grantee and Bradenton.
....
Grantee joins in the execution of this easement for the sole purpose of evidencing its obligations under those covenants stated herein.
Subsequently, on April 6, 1988, Suncoast conveyed the "outparcel" together with the nonexclusive easement to F.F.C.A. F.F.C.A. then leased the "outparcel" and easement back to Suncoast. In 1990, as a result of Suncoast going out of business and abandoning the property, F.F.C.A. terminated the lease.
On November 18, 1992, Developer sent F.F.C.A. an invoice for $6,500 representing the charge to cover the annual cost of "sweeping" the Sears Parcel parking area. *1191 Developer represented to F.F.C.A. that if this invoice was not paid, Developer would no longer "sweep" the Sears Parcel parking area. F.F.C.A. declined to pay the invoice. Someone other than F.F.C.A. has continued to "sweep" the Sears Parcel parking area. Sears has not attempted to terminate the easement.
Apparently fearing that Sears might seek to terminate the easement upon the nonperformance of the "sweeping" condition, F.F.C.A. brought its declaratory action below seeking to have the "sweeping" condition of the easement declared void and unenforceable.
The trial judge declared the provision of the easement in question a "forfeiture provision" and unenforceable under section 689.18, Florida Statutes (1987). The pertinent portions of section 689.18 provides as follows:
689.18 Reverter or forfeiture provisions, limitations; exceptions.
(1) It is hereby declared by the Legislature of the state that reverter or forfeiture provisions of unlimited duration in the conveyance of real estate or any interest therein in the state constitute an unreasonable restraint on alienation and are contrary to the public policy of the state.
....
(3) All reverter provisions in any conveyance of real estate or any interest therein in the state, now in force, shall cease and terminate and become null, void, and unenforceable 21 years from the date of the conveyance embodying such reverter or forfeiture provision.
(4) No reverter or forfeiture provision contained in any deed conveying real estate or any interest therein in the state, executed on and after July 1, 1951, shall be valid and binding more than 21 years from the date of such deed, and upon the expiration of such period of 21 years, the reverter or forfeiture provision shall become null, void, and unenforceable.
Because a grant of easement is not a conveyance of a proprietary interest in real property, we conclude that the trial judge erred in applying section 689.18 to grants of easement. An easement is an incorporeal, nonpossessory interest in land which concerns the use of the land of another. An easement is not an estate in land and does not convey title to land or dispossess the owner of the land subject to the easement. Instead, an easement only grants the right to use the property for some particular purpose or purposes. See Easton v. Appler, 548 So.2d 691 (Fla. 3d DCA 1989); Dean v. MOD Properties, Ltd., 528 So.2d 432 (Fla. 5th DCA 1988); Kempfer v. St. Johns River Water Management Dist., 475 So.2d 920 (Fla. 5th DCA 1985); Hayes v. Reynolds, 132 So.2d 781 (Fla. 1st DCA 1961).
Section 689.18 was enacted as Chapter 26927, Laws of Florida (1951). It is of note that we can discover no case since its enactment applying section 689.18 to pure grants of easement. Neither do we find an application to long-term leases, such as ninety-nine-year leases, that have been popular in Florida for a number of years. The preamble to Chapter 26927, Laws of Florida provides, in part, as follows:
WHEREAS, many conveyances of real property in the State of Florida executed during the past fifty (50) years have contained reverter or forfeiture provisions, some being of unlimited duration; and
....
WHEREAS, such reversionary or forfeiture clauses are often deemed as rendering unmarketable the title to real estate thereby encumbered or affected, and have retarded the growth and development of the State of Florida....
We conclude that a specified condition to the continuance of an easement agreed upon by the parties to the easement is not an encumbrance to the marketability of title to real estate sought to be protected against by the enactment of section 689.18. An easement that ends upon the happening of a clearly defined condition is recognized in Dotson v. Wolfe, 391 So.2d 757, 759 (Fla. 5th DCA 1980). In Akasu v. Power, 325 Mass. 497, 91 N.E.2d 224, 227 (Mass.1950), the Massachusetts Supreme Court quoted with approval the Supreme Court of Wisconsin in Pinkum v. City of Eau Claire, 81 Wis. 301, 309, 51 N.W. 550, 553 (Wis.1892), holding:
It would be a singular rule of law which would forever prevent the owner in fee of lands from questioning the right of another to maintain an easement upon his land, *1192 when there existed a violation of the express conditions upon which the easement was granted. No such rule exists.
Further, as stated in Thompson on Real Property, § 440, p. 714 (1980):
As elsewhere discussed, an easement is not an estate in land in the nature of a future interest. It is at most a mere encumbrance. Therefore, the owner of land subject to an easement does not have a reversionary interest, but an immediate estate of possession and title subject only to the easement. When the easement ceases, there is no reversion of title but merely a freedom from the burden. An easement may be created in fee absolute or defeasible, for life or for a term of years. An easement may be subject to a condition subsequent.
(Footnotes omitted.)
We, therefore, conclude that the trial judge erred in applying section 689.18 to void the "sweeping" provision of the easement at issue. Even if section 689.18 applied, under section 689.18(4), the provision in question would not have become void and unenforceable until twenty-one years after the date of the granting of the easement.
Reversed and remanded.
FRANK and ALTENBERND, JJ., concur.