DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

ROBERT G. ZOBLE,

Appellant,

v.

KENSINGTON ESTATES HOMEOWNERS' ASSOCIATION OF
HILLSBOROUGH, INC.,

Appellee.

No. 2D2023-2625

_____

September 19, 2025

Appeal from the Circuit Court for Hillsborough County; Marc S. Makholm, Judge.

Raymond T. Elligett, Jr., and Amy S. Farrior of Buell & Elligett, P.A., Tampa, for Appellant.

Duane A. Daiker, Jonathan J. Ellis, and Jessica S. Sheikhet of Shumaker, Loop & Kendrick, LLP, Tampa, for Appellee.

KELLY, Judge.

This is an appeal from a final summary judgment rejecting Robert Zoble's statement of claim seeking to require Kensington Estates Homeowners' Association to remove tree branches Zoble contends interfere with his right of ingress and egress to his property. We

conclude that the trial court erroneously rejected Zoble's claim and entered summary judgment for the Association. We also conclude that Zoble's contention that he is entitled to summary judgment should be rejected because, on this record, factual issues remain that preclude summary judgment in his favor.[1] Accordingly, we reverse and remand for further proceedings.

It is undisputed that as a homeowner, Zoble has an easement for ingress and egress over a private road to reach his property. It is also undisputed that the Association's governing documents require the Association's board to maintain the common areas, which includes the easement over its private road. Zoble's complaint against the Association is that it has failed to maintain trees overhanging the private road in a manner that allows unobstructed access to his property. Specifically, he contends that when he trailers his boat or drives his camper over the

---

[1] Implicitly rejecting Zoble's argument regarding his easement rights, the trial court entered summary judgment for the Association based on the Association's assertion that the business judgment rule gave it absolute discretion as to the maintenance of common areas such as the road. On the contrary, to the extent the business judgment rule applies here, that judgment cannot be exercised at the expense of Zoble's easement rights. *See Miller v. Homeland Prop. Owners Ass'n*, 284 So. 3d 534, 537 (Fla. 4th DCA 2019) (stating that courts must defer to an association's decision only if it is within the association's authority and is reasonable—that is, not arbitrary, capricious, or made in bad faith); *Hollywood Towers Condo. Ass'n v. Hampton*, 40 So. 3d 784, 787 (Fla. 4th DCA 2010) (explaining that courts have applied "an adaptation" of the business judgment rule in actions against condominium associations and in doing so have evaluated whether the association's actions were authorized and reasonable). Whether an association acted reasonably under the business judgment rule is ordinarily a question of fact. *See Garcia v. Crescent Plaza Condo. Ass'n*, 813 So. 2d 975, 978 (Fla. 2d DCA 2002).

road, low hanging branches obstruct his path and cause damage to his property.

The Association's governing documents do not establish road clearance height standards for trees, but at various times the Association has implemented standards, and much of the litigation in this case has centered on whether the Association did so properly and what standard should apply. To resolve this appeal, we do not need to delve into that dispute, however. The resolution of this appeal turns on something more fundamental—whether the Association has allowed the tree limbs overhanging the road to substantially and unreasonably interfere with Zoble's right of access to his property.

"An easement is an incorporeal, non-possessory interest in land which entitles the owner of the easement to use the land of another for one or more purposes." *Dianne v. Wingate*, 84 So. 3d 427, 429 (Fla. 1st DCA 2012) (citing *Sears, Roebuck & Co. v. Franchise Fin. Corp. of Am.*, 711 So. 2d 1189, 1191 (Fla. 2d DCA 1998)). The easement holder possesses the dominant estate and "the owner of the land against which the easement exists possesses the servient tenement." *See id.* The servient tenement owner may use the easement-burdened property "in any manner that does not unreasonably interfere with the lawful dominant use." *See id.*

Zoble, as the easement holder, possesses the dominant estate, and the Association possesses the servient tenement. Zoble claims the Association's refusal to trim overhanging tree limbs so they do not damage high-profile vehicles such as his camper or boat unreasonably interfere with his lawful dominant use of his easement. "Whether a particular action by a servient tenement holder constitutes unreasonable interference is ordinarily a question of fact." *Id.* at 431. We conclude

3

that here, the question of reasonableness precludes summary judgment. Accordingly, we reverse the judgment for the Association and remand for further proceedings.

Reversed and remanded.

VILLANTI and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.